### H. W. Kinard v. The State.

1. **Unlawful Cohabitation.** *Code* 1871, § 2486.

   The offence of unlawful cohabitation consists in openly living together as man and wife in illicit intercourse, and it is not necessary that the parties should represent themselves as married. *Carotti* v. *State*, 42 Miss. 334, explained.

2. **Same.** *Marriage. Const., art.* 12, § 22.

   The Constitution of Mississippi does not create the relation of husband and wife between persons living together in open concubinage at the date of its ratification. *Floyd* v. *Calvert*, 53 Miss. 37, cited.

ERROR to the Circuit Court of Hinds County.

Hon. S. S. CALHOON, Judge.

H. W. Kinard and a negro woman, with whom he had lived since the year 1868, were, in January, 1879, indicted and convicted of unlawful cohabitation. After sentence, the woman submitted to a short imprisonment, but Kinard brought up the case.

*J. W. Jenkins*, for the plaintiff in error.

1. In order to violate Code 1871, § 2486, the parties, without being married, must live together, in the open assumption of the forms and rights of matrimony. They must hold each other out to the world as husband and wife. *Carotti* v. *State*, 42 Miss. 334. Secret intercourse between master and servant is insufficient. *State* v. *Marvin*, 12 Iowa, 499 ; *Wright* v. *State*, 5 Blackf. 358 ; *Commonwealth* v. *Calef*, 10 Mass. 153 ; *Searls* v. *People*, 13 Ill. 597.

2. These persons had been cohabiting since 1868, as they were in 1879. If they lived together so as to be liable under the statute, they became husband and wife by the ratification of the State Constitution in 1869 (Const., art. 12, § 22), and cannot, ten years afterwards, be punished for performing their duties as law-abiding citizens.

*T. C. Catchings*, Attorney General, for the State.

1. It is unnecessary that the parties should hold themselves out to the world as husband and wife. They commit the offence when they unlawfully cohabit. The proof brings this conviction within the rule stated in *Carotti* v. *State*, 42 Miss. 334.

2. The Constitution, art. 12, § 22, was designed to protect innocent persons who, by reason of their former condition, had not been legally married, and had not the effect to unite those who were living together, as master and servant, but in illicit intercourse. *Floyd* v. *Calvert*, 53 Miss. 37.

CHALMERS, J., delivered the opinion of the court.

The testimony for the State, which the jury by their verdict have accepted as true, is to the effect that the plaintiff in error, who is an unmarried white man, lived in the same house with the co-defendant, an unmarried negro woman, for a series

of years; that there was but one room in the house, and but one bed in that room; that the parties were seen occupying this bed together as many as five or six times; that they eat at the same table; and that the woman became during the time the mother of three mulatto children, whom the plaintiff in error was in the habit of caressing and calling his boys. These facts abundantly warranted the verdict of guilty of unlawful cohabitation, and while they were negatived in part by the evidence for the defence, we cannot disturb the verdict of the jury unless error of law occurred to the prejudice of the accused.

It is not necessary, as argued by counsel for the plaintiff in error, that the parties should hold each other out to the world as husband and wife, nor is there any thing in *Carotti's case*, 42 Miss. 334, which so declares. When the court announces in that case that, in order to constitute the offence of unlawful cohabitation, " the parties must dwell together, openly and notoriously, upon terms as if the conjugal relation existed between them," it is not meant that they should pass themselves off upon the community as husband and wife, but only that they should openly and notoriously consort and live together as if they were husband and wife; that is to say, as husbands and wives usually live. The doctrine enunciated is that clandestine acts of sexual intercourse, no matter how often repeated, do not constitute unlawful cohabitation unless the parties openly and notoriously live together as paramour and concubine, habitually assuming and exercising towards each other the rights and privileges which belong to the matrimonial relation. The decision is that no continuance of illicit intercourse makes out the crime so long as it is secret or attempted to be made so, but that, whenever secrecy is abandoned and the concubinage is open, the offence is complete. In the interests of morality, it is perhaps to be regretted that a more rigorous doctrine cannot be deduced from our present statute and the decisions upon similar statutes elsewhere.

The evidence for the State in the case at bar fairly brings the plaintiff in error within the rule as laid down, nor is there any thing in the instructions of the court of which he can complain. The fourth charge asked by him, and refused by the

court, announced the doctrine that if the defendants were living in open concubinage at the date of the ratification of our present Constitution, they became by its ratification husband and wife. This theory of the Constitution, if it ever needed refutation, was set at rest by the cases of *Rundle* v. *Pegram*, 49 Miss. 751; *Floyd* v. *Calvert*, 53 Miss. 37.

*Judgment affirmed.*