## GEORGE C. GRANBERRY *v.* THE STATE.

1. **ADULTERY.** *Habitual sexual intercourse. Section* 2700, *Code* 1880, *construed.*
   In order to establish the offense defined by § 2700, Code of 1880, it must be shown that the parties, whether dwelling together or not, habitually indulge in sexual intercourse.

2. **SAME.**
   It is not necessary that the parties shall dwell together or publicly avow the relationship existing between them. It is sufficient to show that relationship which, whether avowed or concealed, if publicly known would characterize the woman as mistress of the man. It is habitual concubinage or lying together which constitutes the cohabitation meant by the statute.

3. **SAME.** *Occasional acts of intercourse.*
   Where a cohabitation, using the words in the usual sense, is shown, one or more acts of sexual intercourse clearly proven, or circumstances from which such intercourse would necessarily be inferred, as sleeping together, would uphold a verdict of guilty. But in the absence of evidence of such cohabitation, it is not sufficient to prove occasional acts of sexual intercourse.

4. **SAME.** *Case in judgment.*
   H. was a pupil of G. and testified that on five or six occasions during a scholastic term of three months, she remained at the school-room after the other pupils had been dismissed, at which times and place, but at no other, G. had sexual intercourse with her. Held, that this did not constitute the offense defined by the statute.

APPEAL from the Circuit Court of Hinds County.

HON. T. J. WHARTON, Judge.

The facts are stated in the opinion.

*M. Dabney & Frank Johnston,* for the appellant.

Section 2700, Code 1880, under which the indictment is found, has never been construed, and we would request the court, should this case be reversed upon other grounds, to give to it a judicial construction, as many different interpretations have been placed on it. The first half of the section defines and fixes the penalty of the offense and the latter half—apparently in conflict in part with the first half—prescribes what evidence shall be sufficient to sustain the charge.

We analyze the statute in this way :

1. There must be a cohabiting or living together.

2. This cohabiting or living together need not be in a public manner. It may be secretly done.

3. Circumstances which show habitual sexual intercourse are sufficient to sustain a charge under the section.

Then these provisions must be taken and construed together. We therefore deduce the following : Circumstances which show habitual sexual intercourse while the parties, in some sense, are living together constitutes the offense. It cannot be said that the last clause alone is to govern, and the offense, as defined in the beginning, be entirely held for naught. If such had been the legislative will, they would have simply said that habitual sexual intercourse (unlawful) should constitute the offense. The whole section must be construed together to give effect to it. That there must be some kind of living together seems incontrovertible, because this is plainly stated in the beginning, and again, below, in further defining the offense, it is said that to constitute the offense it shall not be necessary that the parties " dwell together *publicly as husband and wife.*" The construction put upon this statute by the judge of the circuit court plainly was that no sort of living together is necessary.

The court refused defendant's third instruction, which simply announces that five or six acts of illicit intercourse alone during a period of three months at a school-house do not make out a case under the statute. We think this instruction announces the law. If this number in this way constitutes an offense, could it not be said that three or four, two or three, one or two, or one, acts, anywhere had, would be sufficient? Occasional acts of drunkenness do not make a man an habitual drunkard. *Sudurck* v. *Commonwealth*, 6 Harris Pa. 172 ; 2 Dillon U. S. 164. There must be some kind of living together to constitute this offense in Alabama. Where a man slept one night in each week under the woman's roof regularly, held sufficient living together. *Collins* v. *State*, 14 Ala. 609 ; Bish. Cr. Law, § 28 ; *Richardson* v. *State*, 37 Texas 346. In this last case occasional and clandestine acts are not sufficient to make out a living together.

The Texas statute does not require the living to be *habitual*.

Section 2700, Code 1880, is substantially the same as § 2486 of the Code of 1871, except the addition of the last paragraph. Section 2486, Code 1871, has been held by this court only to embrace cases where the parties *dwell together publicly as husband and wife. Carotti's Case,* 42 Miss. 334. The addition in § 2700, Code 1880, therefore, was manifestly for the purpose of covering a class of cases which are a disgrace to almost every community, and which it is probable were intended to be made criminal under previous statutes, *viz.:* Those cases where men habitually sleep and cohabit with women but are seldom, if ever, seen with them during the day. Manifestly this was the class of cases which the change in the statute was intended to cover. It was never designed that a few or any number of clandestine acts of intercourse should constitute an offense under the statute.

. *J. L. Harris,* for the State.

4. The instructions announce that habitual unlawful sexual intercourse between married and single persons constitute the crime of adultery, and that living or dwelling together is not an essential element. Code 1880, § 2700. The Code of 1871, § 2486, provided "if any man and woman shall *live* together," etc. This ingredient that they shall "live together" is designedly omitted from the Code of 1880, which contains the further express provision that "it shall not be necessary to constitute the offense that the parties shall dwell together publicly as husband and wife, but it may be proved (what may be proved—the offense?) *by circumstances which show habitual sexual intercourse."* This is the rigorous rule in the interest of morality, that Judge Chalmers regretted could not be deduced from the statute of 1871. *Kinard* v. *The State,* 57 Miss. 132.

COOPER, J., delivered the opinion of the court.

The appellant has been indicted and convicted of the offense of adultery, which crime is defined by § 2700 of the Code of 1880 as follows: "If any man and woman shall unlawfully cohabit, whether in adultery or fornication, they shall be fined in any sum

not more than five hundred dollars each and imprisoned not more than six months, at the discretion of the court [and it shall not be necessary to constitute the offense that the parties dwell together publicly as husband and wife, but it may be proved by circumstances which show habitual sexual intercourse]."

The statute above quoted, except so much as is included in brackets, is identical except as to the punishment to be inflicted with that of the Codes of 1859 and 1871 ; that portion in brackets first found expression in the Code of 1880. The facts disclosed by the record are that the appellant was the teacher of one of the public schools of the county in which there was an average attendance of from eighty to one hundred pupils. Hannah Boyd, with whom the offense is charged to have been committed, was a pupil in the school. It is shown by the testimony of Hannah that on five or six occasions during a scholastic term of three months she remained at the school-room after the other pupils had returned to their homes, at which times and place, but at no other, the appellant had sexual intercourse with her. The question is whether these facts are sufficient to uphold a conviction for the offense defined by the statute. In *Carotti* v. *The State*, 42 Miss. 334, it was said that to constitute the offense as defined by the Code of 1857, "the parties must dwell together, openly and notoriously, upon terms as if the conjugal relation existed between them. It consists in the living together in the manner of husband and wife without being lawfully married, in the open assumption of the visible forms and rights' of matrimony without the sanction of the nuptial tie, and without incurring those obligations and responsibilities which attach to the married state " In *Kinard* v. *The State*, 57 Miss. 132, this court, in commenting on the *Carotti Case*, says: " When the court announces in that case that in order to constitute the offense of unlawful cohabitation the parties must dwell together openly and notoriously upon terms as if the conjugal relation existed between them, it is not meant that they should pass themselves off on the community as husband and wife, but only that they should openly and notoriously consort and live together as if they were husband and wife, that is to say, as husbands and wives usually live. The doctrine enunci-

ated is that clandestine acts of sexual intercourse, no matter how often repeated, do not constitute unlawful cohabitation unless the parties openly and notoriously live together as paramour and concubine, habitually assuming and exercising toward each other the rights and privileges which belong to the matrimonial relation. The decision is that no continuance of illicit intercourse makes out the crime so long as it is secret or attempted to be made so, but that whenever secrecy is abandoned and the concubinage is open, the offense is complete. In the interests of morality, it is perhaps to be regretted that a more vigorous doctrine cannot be deduced from our present statutes and the decisions upon similar statutes elsewhere."

The amendment introduced into the Code of 1880 was intended to reach a class of cases not punishable under the previous statutes, persons who habitually indulged in unlawful intercourse, but who did so furtively and without assuming the form of the marital relation. In the cases of *Carotti* and *Kinard*, the word "cohabit" had been construed to mean a condition or status of the parties, a status resembling that of the marital relation, the existence of which it was necessary to prove by independent testimony other than that of sexual intercourse. By the Code of 1880 it is declared that "it shall not be necessary to constitute the offense that the parties shall dwell together publicly as husband and wife, but it" (the offense) "may be proved by circumstances which show habitual sexual intercourse." Cohabitation in its usual sense implies publicity, since two persons cannot secretly live together. It is therefore evident that its signification as used in the Code of 1880 is somewhat different from that in which it was used in the previous codes. It is more difficult to define than to appreciate the change wrought by the statute, but it is probably sufficiently accurate to say that it condemns that state of concubinage in which the parties, whether dwelling together or not, habitually indulge in sexual intercourse. It is not necessary that they shall dwell together, nor that they publicly avow the relationship which exists between them ; it is sufficient to show that condition or relationship, whether it be avowed or concealed, which, if publicly known, would lead

men to characterize the woman as the mistress of the man. It is habitual concubinage or lying together which constitute the cohabitation meant by the statute.

Where a cohabitation, using the word in its usual sense is shown, one or more acts of sexual intercourse clearly proved, or circumstances from which the fact of such intercourse would necessarily be inferred, as that the parties slept in the same bed, would uphold a verdict of guilty, but in the absence of evidence of such cohabitation or living together it is not sufficient to prove occasional acts of sexual intercourse, it is necessary to prove such intercourse so often repeated as to become habitual, or circumstances indicating that it is habitual. On the facts of the case now before us, we are of opinion that admitting all the testimony proves, and all that may be fairly inferred from it, *habitual* sexual intercourse is not proved, and the

*Judgment is reversed.*