DOLPH PATTON et al. *v.* STATE OF MISSISSIPPI.

**Cohabitation — Evidence.**

> Evidence showing an inference of habitual concubinage is sufficient to justify a verdict of guilty under an indictment charging unlawful cohabitation.[1]

The indictment upon which defendant was convicted was in the following words:   " In the Circuit Court of Rankin county, February, 1884, term.   The grand jurors for the State of Mississippi, upon their oaths, present that Dolph Patton, a man, and Fanny Pool, *alias* Winningham, a woman, on the 1st day of Oc-

---

[1]

Adultery and fornication at common law were indictable only when committed openly and publicly.   Carotti's case, 42 Miss. 334.

In order to constitute the offense denounced by art. 8, p. 573, Rev. Code 1857, it must be shown that the parties dwell together openly and notoriously as if the conjugal relation existed between them.   The language of the act is this:   " If any man and woman shall live together in unlawful cohabitation, whether the same be in adultery or fornication, they shall be punished," etc.   Carotti's case, 42 Miss. 334.

Criminal intercourse once shown is presumed to continue if the parties are still living together under the same roof, although those who dwell with them are not prepared to depose to the fact.   Carotti's case, 42 Miss. 334.

C. and W. were indicted for unlawful cohabitation.   The testimony showed that W. as a servant woman was in the employ of C. as keeper of a hotel

tober, 1883, in Rankin county, State of Mississippi, and therein afterward until the finding of this bill of indictment, did unlawfully cohabit together, each having then and there habitual sexual intercourse with the other, they not being then and there lawfully married to each other. Contrary to the form of the statute in such cases made and provided, and against the peace and dignity of the State of Mississippi." The opinion of the court states all the material facts.

Appealed from Circuit Court, Rankin county, A. G. Mayers, Judge.

Affirmed, February 16, 1885.

*Attorneys for appellants, H. R. Ware, and Cole White & E. Jack.*

Brief for the State not found in the record.

Brief of H. R. Ware:

\* \* \* Manifestly the jury were led astray by illegal instructions, and instructions calculated to confuse and mislead them. The first instruction for the State comes clearly under the first, that is manifestly if it is not the law. The court instructs that "cohabitation may be proven by circumstances which show habitual intercourse." Such is not the definition of cohabitation as given in Carotti *v.* State, 42 Miss. 334; Kennard *v.* State, 57 Miss. 132, and Granberry *v.* State, 61 Miss. 442.

and railroad eating-house, and that C. had been caught on several occasions in the act of sexual intercourse with W., and several times in bed with her. *Held,* that under the statute the testimony was not sufficient to warrant a conviction. Carotti's case, 42 Miss. 334.

While clandestine acts of sexual intercourse, no matter how often repeated, do not constitute unlawful cohabitation, if the parties openly and notoriously live together as paramour and concubine, exercising toward each other the rights and privileges which belong to marriage, the offense is complete. It is not necessary that the parties shall hold each other out to the world as married. Carotti *v.* State, 42 Miss. 334, explained; Kinard *v.* State, 57 Miss. 132.

Section 2700, Code of 1880, provides that: "If any man and woman shall unlawfully cohabit whether in adultery or fornication, they shall be fined \* \* \* and it shall not be necessary, to constitute the offense, that the

In the latter case the court expressly says " that clandestine acts of sexual intercourse, no matter how often repeated, do not constitute unlawful cohabitation unless the parties openly and notoriously live together," etc. The instruction tells the jury the offense is complete when habitual intercourse is proven, but in words in the Granberry case the court says not so, unless it was open and notorious. Manifestly the record shows no open and notorious living together between the defendants, and manifestly if the instruction had been given in accordance with the Supreme Court definition of this crime, it is unreasonable to suppose, with the facts before them, that the jury would have found as they did.

The fourth instruction for the State, while its illegality is not so patent, was certainly well calculated to confuse and mislead the jury and fill their minds with the idea that it was an argument of the court substantially directing a verdict of guilty; otherwise it were wholly superfluous as it was extraordinary for the court to invite the attention of the jury to the animal instincts and propensities existing between man and woman, and virtually to say to the jury that, knowing these facts, you must find that if the evidence is that an opportunity was offered you must find that they indulged in these passions and are guilty.

Again in the same instruction the court directs the jury that they must regard the *proven relations existing between the parties.* Substantially, if not in words, the court here says to the jury that some improper relations have been proven as existing between the defendants. The instructions were not only erroneous, but the court must see that they misled the jury in a way that caused an improper verdict.

parties dwell together publicly as husband and wife, but it may be proved by circumstances which show habitual sexual intercourse." It is not essential to guilt under this statute that the parties shall dwell together, nor that they publicly avow the relationship which exists between them; it is sufficient to show that condition or relationship, whether avowed or concealed, which, if publicly known, would lead men to characterize the woman as the mistress of the man. It is habitual concubinage, or lying together, that constitutes the offense. Granberry *v.* State, 61 Miss. 440.

An indictment is not good as an indictment for unlawful cohabitation under section 2700, Code 1880, if it is not averred that the parties were guilty of habitual sexual intercourse. Granberry *v.* State, 61 Miss. 440; Newman *v.* State, 69 Miss. 393, 13 So. 831.

Where cohabitation, using the word in its ordinary signification, is shown, one or more acts of sexual intercourse clearly proved directly or by circum-

Brief of Cole White & E. Jack:

The evidence was not sufficient to warrant the verdict rendered in this case. Judge Cooper, in Granberry *v.* State, 61 Miss. 440, defines "cohabitation" to be "habitual concubinage or lying together," and further says, "where a cohabitation is *shown,* one or more acts of sexual intercourse clearly proved, or circumstances from which the fact of such intercourse would necessarily be inferred, as that the parties slept in the same bed, would uphold a verdict of guilty."

Now we contend that no such "cohabitation" was shown in this case.   *   *   *

The court erred in giving the first instruction asked for the State. The instruction virtually calls upon the jury to find the defendants guilty. In the first place they are told that in judging of the "guilt" (not *guilt or innocence*) of accused, the jury would naturally infer from this that the court thought the parties guilty.   *   *   *

OPINION.— COOPER, J., delivered the opinion of the court:

The appellant, Patton, was engaged in carrying the mails from Brandon to Westville. Much of the time he was on the road, but he had his cooking and washing done at a house rented by him, and the appellant, Winningham, was his servant. So often as he remained at his house over night he occupied the same room with Winningham, and on one occasion they were discovered lying together.

stances will uphold a conviction. In the absence of such evidence of cohabitation, proof of occasional acts of sexual intercourse is not sufficient; they must be repeated so often as to become habitual. Granberry *v.* State, 61 Miss. 440.

Where, on a trial for unlawful cohabitation, there is evidence, though contradicted, that defendants, a white man and a colored woman, were seen in bed together within two years, that for five years they had lived near to each other, that he was frequently seen at her house and in her bed; that he was at her house often, especially on Sunday; that she had two mulatto children whom he had been heard to call his children, a conviction will not be disturbed. Stewart *v.* State, 64 Miss. 626, 2 So. 73.

A teacher who during a short period of time commits a few acts of sexual intercourse with a pupil openly in the schoolroom is not guilty of cohabitation with her. Brown *v.* State, 8 So. 257.

On this testimony the jury was warranted in finding them guilty of unlawful cohabitation under our statute. Enough had been shown to justify the inference of habitual concubinage, and this, under the statute, is unlawful cohabitation. Granberry v. State, 61 Miss. 440.

*Affirmed.*