## WILLIAMS *et al. v.* STATE.*

(Division B.   June 4, 1928.)

[117 So. 360.   No. 27174.]

*Corpus Juris-Cyc. References: Criminal Law, 16CJ, p. 592, n. 37; Evidence, 23CJ, p. 133, n. 29; Lewdness, 36CJ, p. 1043, n. 50.

*B. N. Knox,* for appellants.

*Rufus Creekmore,* Assistant Attorney-General, for the state.

PACK, J. The appellants were charged by affidavit before a justice of the peace with the crime of unlawful cohabitation. On conviction and appeal to the circuit court, they were again convicted, and sentenced by the court to six months in jail and to pay a fine of five hundred dollars. From this conviction and sentence, they appeal.

We quote here the pertinent part of the affidavit:

". . . Tidy Young and Mrs. Ardella Williams did then and there unlawfully cohabit, and have habitual sexual intercourse, not being lawfully married. . . ."

No testimony was offered by appellants. The testimony for the state shows that appellant Ardella Williams was the wife of Sam Williams, having been married to him in 1927, and that they were living together as husband and wife in Union county until February 5, 1927, when Ardella eloped with the appellant Tidy Young, who had also married in 1903. By prearrangement, the appellants met at New Albany, from whence, at nighttime, they drove across country a distance of about one hundred seventy-five miles to Dundee, where they boarded a boat for a point in the state of Arkansas. With the woman was her fourteen-year-old daughter, Ruby Sue Williams.

According to the undisputed testimony of this girl, the appellants lived together as husband and wife, while in Arkansas, for a period of eleven month, occupying the same room and sleeping in the same bed. Early in January, 1928, they returned to Union county, Miss., stopping first at the home of one Dave Williams, where they remained four nights, and slept together each night while there. They also spent one night in Pontotoc.

It is assigned and argued as error that the proof was insufficient to show that appellants were not married to each other, and for such failure of proof appellants were entitled to a directed verdict of acquittal. It clearly appears that Mrs. Williams, one of the defendants, was married and was living with her husband, Sam Williams, in Union county, Miss., at the time she left home, February 5, 1927, and that the records of that county showed no divorce between this date and the trial. Mrs. Williams was absent in Arkansas for eleven months before returning to Union county, and unless divorced within that time, either in Union county or in the state of Arkansas, her marriage to Williams was still in effect. No valid divorce could have been granted under the laws of Arkansas, because her residence in Arkansas was not long enough for the courts of that state to acquire jurisdiction. Section 3505, Crawford & Moses' Digest, of the Statutes of Arkansas, reads as follows:

"The plaintiff, to obtain a divorce, must allege and prove, in addition to a legal cause of divorce: First. A residence in the state for one year next before the commencement of the action."

The courts of this state will take judicial notice of this statute. Section 771, Hemingway's 1927 Code (section 1015, Code of 1906). Since Mrs. Williams was not legally divorced, it follows she could not be legally married at the time of the offense.

Complaint is next made that the testimony of the relationship between appellants in the state of Arkansas is incompetent, for the reason that, as the affidavit charged the commission of the offense in the Third supervisors' district of Union county, all testimony should be limited to what transpired within that district. It was necessary to show the unlawful cohabitation was habitual. But this may be shown by circumstances from which habitual acts of sexual intercourse would necessarily be inferred, such as parties habitually occupying the same room and

sleeping in the same bed. *Granberry* v. *State,* 61 Miss. 440. The offense necessarily is a continuous one. By showing, as the proof without conflict shows here, that the parties lived in Arkansas for eleven months, occupying the same room, sleeping together, and living as husband and wife, and continued the same relationship upon their return to said supervisors' district in Union county, we think the case was made out and the testimony was competent. It was a case of the offense beginning in one state and continuing to consummation in another state.

We have examined and considered the other assignments of error, but do not think they merit discussion. Finding no reversible error, the judgment of the court below will be affirmed.

*Affirmed.*