BRISTER *v.* DUNAWAY.[*]

(Division B.	Nov. 28, 1927.	Suggestion of Error Overruled Jan. 9, 1928.)

[115 So. 36.	No. 26584.]

1. LIMITATION OF ACTIONS. *Limitation of six years held applicable to action for alienation of affections (Hemingway's Code 1927, sections 2635, 2640).*

Limitation of six years under Code 1906, section 3097 (Hemingway's Code 1927, section 2635), *held* applicable in action for alienation of affections rather than limitation of one year under Code 1906, section 3102 (Hemingway's Code 1927, section 2640), in that such statute or any other statute of limitations does not deal specifically with action of such character.

2. HUSBAND AND WIFE. *Evidence held as matter of law, to sustain verdict for having seduced, debauched, and carnally known plaintiff's wife.*

In action for alienation of affections, evidence *held* sufficient as matter of law to sustain verdict on count charging seduction, debauching, and carnally knowing plaintiff's wife.

3. HUSBAND AND WIFE. *Separation of husband and wife is no defense in action for criminal conversation.*

Mere fact of separation of husband and wife is no defense to action for criminal conversation.

4. TRIAL. *Instruction authorizing finding for plaintiff on belief of certain facts from all evidence held not erroneous, in view of other instructions.*

Instruction, in action for alienation of affections, authorizing finding for plaintiff in case jury believed certain facts from all evidence in case, *held* not erroneous, in view of other instructions requiring a preponderance of evidence to establish case.

5. TRIAL. *All instructions should be considered together.*

All instructions in a case should be considered together as one instruction.

6. HUSBAND AND WIFE. *Refusing instruction, in action for alienation of affections, requiring finding-that defendant's acts were proximate cause of damage, held not erroneous.*

In action for alienation of affections, refusal of instruction, requiring finding that defendant's acts were proximate cause of damages claimed in declaration, *held* not erroneous in that it had no application to facts, there being no question of proximate cause for determination of jury, since injuries necessarily followed as result of tort.

7. TRIAL. *Refusing instruction requiring proof of every material allegation of declaration held not erroneous, where court properly directed verdict on one count.*

In action for alienation of affections wherein declaration contained four counts, and court properly directed a verdict in plaintiff's favor on one count, refusal of instruction to effect that plaintiff was not entitled to recover unless every allegation of declaration was established by preponderance of evidence *held* not erroneous, since giving of such instruction would conflict with one directing verdict.

8. ACTION. *Actions for alienation of affections and criminal conversation may be joined.*

Actions for alienation of affections and criminal conversation may be properly joined.

9. TRIAL. *Refusal of instruction precluding recovery for alienation of affections if defendant was justified held not erroneous, in view of other instructions.*

In action for alienation of affections, refusal of instruction precluding recovery if defendant was justified in aiding and assisting plaintiff's wife in leaving his home *held* not erroneous, in view of other instructions fully informing jury on such point.

10. HUSBAND AND WIFE. *Instruction that nominal verdict under count for seducing, debauching, and carnally knowing plaintiff's wife would be justified held properly refused.*

In action for alienation of affections wherein court directed verdict on count alleging that defendant had seduced, debauched, and carnally known plaintiff's wife, instruction that verdict for nominal sum under such count would be justified under evidence *held* properly refused as misleading.

11. WITNESSES. *Evidence of conviction for offense except perjury and subornation of perjury is admissible to impeach credibility of witness (Hemingway's Code 1927, section 1653).*

Under Code 1906, section 1920 (Hemingway's Code 1927, section 1653), evidence of conviction for any offense except perjury and subornation of perjury is admissible to impeach credibility of witness.

12. HUSBAND AND WIFE. *Instruction precluding recovery for alienation of affections if defendant did not know plaintiff's wife was not divorced held properly refused under evidence.*

In action for alienation of affections, instruction precluding recovery in case defendant, at time of having intercourse with plaintiff's wife, had no knowledge that she was not divorced *held* properly refused, in view of unconflicting evidence thereon.

13. HUSBAND AND WIFE. *Evidence of exemplary damages, in action for alienation of affections, held for jury.*

In action for alienation of affections, evidence on question of exemplary damages *held* sufficient for submission to jury.

ON SUGGESTION OF ERROR.

14. EVIDENCE. WITNESSES. *Rule making declarations admissible or inadmissible has reference to extrajudicial statements; rule making declarations admissible or inadmissible does not apply, where*

*witness testifies in open court as to his knowledge or recollec-tion; wife is competent witness for husband as to all pertinent matters involved in suit in which husband is party; that wife cannot be called as witness against husband does not affect her competency as witness for him.*

The rule making declarations admissible or inadmissible has reference to extrajudicial statements, and does not apply where a witness testifies in open court as of the knowledge or recollec-tion of such witness. A wife is competent to testify, in favor of her husband, as to all matters involved in the suit in which the husband is a party that are pertinent to the issue. The fact that she cannot be called in a case as a witness against her hus-band does not affect her competency as a witness in his favor.

---

*Corpus Juris-Cyc. References: Husband and Wife, 30CJ, p. 1146, n. 82; p. 1147, n. 86, 89; p. 1148, n. 93; p. 1152, m. 69; p. 1154, n. 7; p. 1156, n. 42, 43; p. 1159, n. 92; p. 1161, n. 41; Limitations of Actions, 37CJ, p. 800, n. 39; Trial, 38Cyc, p. 1778, n. 73; p. 1781, n. 79; Wit-nesses, 40Cyc, p. 2217, n. 64; p. 2607, n. 61. On applicability of statute of limitation of actions to action for alienation of affections, see 13 R. C. L. 1463. As to fact of separation of spouses as defense to action for criminal conversation, see 13 R. C. L. 1488.

APPEAL from circuit court of Walthall county.
HON. E. J. SIMMONS, Judge.

Action by B. B. Dunaway against C. A. Brister. Judg-ment for plaintiff and defendant appeals. Affirmed.

*J. M. Alford* and *William & Hunt,* for appellant.

The court should have sustained the plea in bar, where-in defendant claimed that plaintiff could not recover in said cause of action, for that same is barred by the Stat-ute of Limitations, as set out in section 2466, Heming-way's Code. As to the instructions, see 13 R. C. L. sec. 513, pp. 1464 to 1492 inclusive. 4 A. L. R. 498 and num-erous cases there cited.

*Naul & Yawn,* for appellee.

Appellee's cause of action was barred by the limitation of six years, being fixed by section 2461, Hemingway's

Code. As to instructions see 30 C. J. 1153-1167, and cita-
tions thereunder.

ANDERSON, J., delivered the opinion of the court. ·

Appellee brought this action in the circuit court of
Walthall county against the appellant for damages, ac-
tual and punitive, charging in his declaration, in count
1, that the appellant had alienated the affections of ap-
pellee's wife; in count 2, that the appellant had de-
prived the appellee of the consortium of his wife; in
count 3, that the appellant had deprived the appellee of
the companionship and society of his wife; and, in count
4, that the appellant had seduced, debauched, and car-
nally known the appellee's wife. The trial resulted in
judgment and verdict for appellee in the sum of two
thousand dollars, from which judgment appellant prose-
cutes this appeal.

Appellant pleaded that the cause of action was barred
by the statute of limitations (section 3102, Code of 1906),
section 2640, Hemingway's Code 1927, reading as follows:

"All actions for assault, battery, maiming, false im-
prisonment, malicious arrest, or menace, and all actions
for slanderous words concerning the person or title, and
for libels, shall be commenced within one year next after
the cause of such action accrued, and not after."

To that plea appellant demurred, which demurrer was
by court sustained. That action of the court is assigned
and argued by the appellant as error.

The appellee contends, and the trial court so held, that
the statute of limitations pleaded was not the statute ap-
plicable to this cause of action; that section 3097, Code
of 1906 (section 2635, Hemingway's Code 1927) read-
ing, "All actions for which no other period of limitation
is prescribed shall be commenced  within six years next
after the cause of such action accrued, and not after,"
was the governing statute as to the cause of action. The
statute relied on by appellant does not deal specifically

with actions of this character, nor is there any other stat-
ute of limitations dealing specifically with such actions.
We are of opinon that the trial court committed no error
in holding that the latter statute, instead of the former,
governed.

The court charged the jury, peremptorily, to return
a verdict for the appellee on the fourth count of the
declaration, which charges, in substance, that appellant
"seduced, debauched, and carnally knew appellee's
wife." The appellant contends that the court erred in
so directing a verdict for the appellee. On the trial, the
appellant was placed upon the witness stand by the ap-
pellee. He admitted, in his testimony, that before the ap-
pellee and his wife were divorced the appellant often had
carnal knowledge of appellee's wife, resulting in a child
being born to them.

"To sustain an action for criminal conversation, two
things must be established, (1) an actual marriage be-
tween the spouses, and (2) sexual intercourse between
the defendant and the guilty spouse during the coverture.
Once these two elements of the tort are established, noth-
ing will serve as a defense except connivance on the part
of the nonparticipating spouse, under certain circum-
stances, a separation or divorce, or defenses affecting the
right to sue, rather than the substantive right of action."
30 C. J., section 1036, p. 1154.

The mere fact of separation is no defense. 30 C. J.,
section 1036, p. 1154. Some courts hold that separation
is a defense where it was induced by the fault of the plain-
tiff. Other courts hold to the contrary. We think the
latter rule is the sounder and better of the two. 30 C. J.,
section 1044, p. 1156.

Appellant assigns as error the giving of instruction
No. 3 for the appellee upon the ground that it authorized
the jury to find for the appellee upon less than a pre-
ponderance of the evidence. That part of the instruc-
tion in question is in the following language:

"The court instructs the jury for the plaintiff that, if you believe from all the evidence in this case," etc.

By other instruction, the jury were told that it required a preponderance of the evidence to establish appellee's case. This court has held time and again that all the instructions in a case should be considered together as one instruction. So treating the instructions in this case, they plainly informed the jury that the appellee's case should be established by a preponderance of the evidence.

The refusal of the following instructions, requested by the appellant, is assigned as error: ·

"(5) The court instructs the jury for the defendant that, unless you believe by a preponderance of the evidence that the acts of the defendant were the proximate cause of the damages claimed in the declaration, you must find for the defendant.

"(6) The court instructs the jury that, unless you believe from a preponderance of the evidence and to the satisfaction of the jury that the plaintiff has established every material allegation in the declaration, you must find for the defendant.

"(7) The court instructs the jury for the defendant that, in passing upon this case, you must confine your findings to one definite issue.

"(8) The court instructs the jury for the defendant in this case that, even though you may believe from the evidence in this case that the defendant aided and assisted plaintiff's wife in leaving plaintiff's home when she separated from him, yet if you believe, from a preponderance of the evidence in this case, that the defendant's aid and assistance to her was asked by plaintiff's wife, because of plaintiff's ill treatment to her, and that defendant acted in good faith for humanity's sake, then the defendant was justifiable in aiding and assisting her.

"(9) The court instructs the jury for the defendant that the peremptory instruction asked for and given the plaintiff means only that you must find a verdict for

the plaintiff, and so far as the instruction is concerned, one dollar or one cent would satisfy the peremptory charge.

"(10)   The court instructs the jury to disregard any testimony introduced about Chas. Brister having been convicted of gaming, or having paid a fine in the state and Federal courts for possessing liquor, as this has nothing in the world to do with the issue submitted for your consideration.

"(11)   The court instructs the jury for the defendant that the peremptory instruction given for the plaintiff in the case only means that you must find in some amount for the plaintiff, which amount may be nominal damages in the sum of one cent.

"(12)   The court instructs the jury for the defendant in this case that, even though you believe that defendant had intercourse with plaintiff's wife before she obtained her divorce, yet if you believe from a preponderance of the evidence in the case that he did not know at the time of such intercourse that she did not have a divorce, then you must find for the defendant."

The refusal of the instruction numbered 5 had no application to the facts of this case. There was no question of "proximate cause" to be determined by the jury. If the evidence was sufficient to establish either one or all of the counts of appellee's declaration, he was entitled to a verdict without other evidence tending to show that the tort committed by the appellant was the "proximate cause" of appellee's injury. In other words, the injuries necessarily followed as the result of a tort.

There was no error in the refusal of the requested instruction numbered 6 by which the appellant sought to have the court charge the jury that the appellee was not entitled to recover unless "every material allegation of the declaration" was established by a preponderance of the evidence. As stated, the declaration contained four counts, and the court directed a verdict in appellee's favor on the fourth count. We have held above

that there was no error in so doing. It follows that the giving of this instruction would have been in conflict with the one directing a verdict in appellee's favor on the fourth count.

By instruction No. 7, appellant sought to have the court charge the jury that they were confined to one count of the declaration. There was no error in the refusal of that instruction, because, under the law, actions for alienation and criminal conversation may be properly joined. 39 C. J., 1158, 1159, section 1054.

It may be conceded that instruction No. 8 embodied a correct principle of law, and still the appellant suffered no harm in its refusal, because the jury were fully informed in the other instructions that, if the appellant had done nothing to alienate from the appellee the affections of his wife, they should return a verdict for the appellee as to the count of the declaration based on such alienation.

There was no error in the refusal of instruction No. 9, because if given it would have been misleading to the jury. By it, the appellant sought to have the court charge the jury that a verdict for a nominal sum under the fourth count to the declaration would be justified under the evidence.

The refusal of instruction No. 10 was justified by section 1920, Code of 1906 (section 1653, Hemingway's Code 1927), reading:

"A conviction of a person for any offense, except perjury and subornation of perjury, shall not disqualify such person as witness, but such conviction may be given in evidence to impeach his credibility. A person convicted of perjury or subornation of perjury shall not afterward be a competent witness in any case, although pardoned or punished for the same."

There was no error in the refusal of instruction No. 11 for the reason given above justifying the refusal of instruction No. 9.

Neither was the action of the court erroneous in the refusal of instruction No. 12 because there was no conflict in the evidence as to whether the appellant had carnal knowledge of the appellee's wife at a time when he knew she and the appellee had not been divorced. Appellant, as a witness, in substance, admitted that he had such connection with appellee's wife when he knew they were still man and wife.

Appellant further complains that the court erred in submitting to the jury the question of exemplary damages. We think there was ample evidence authorizing the submission of that issue to the jury. We find no substantial error committed by the trial court; certainly, no error harmful to the appellant.

*Affirmed.*

### On Suggestion of Error.

ETHRIDGE, J.

Complaint is made in the suggestion of error that the opinion rendered was wholly silent as to the principal error assigned, upon which appellant relied:

"That the trial court committed grievous error, in that it permitted (as shown by the record, and as indicated in appellant's original brief), over the strenuous objection of the defendant there, appellant here, the wife or spouse of appellee to testify as to she having been seduced and debauched by appellant."

The citation in the suggestion of error of the law to support the contention under this assignment relates to declarations of the other spouse on the ground that they are regarded as confidential communication, and that declarations of such parties are not admissible to show illicit relations.

In the case before us the proof did not relate to *ex parte* declarations of the wife as to alleged acts, but the wife was introduced as a witness and testified on the witness stand to said matters. The law with reference to mere declarations being inadmissible in evidence against

a party, or in his favor, relates to unsworn statements or declarations extrajudicial in nature. The authorities cited have no application to the testimony of witnesses delivered on the witness stand pertinent to the issue, as of knowledge and recollection of the witness. The statute expressly makes the wife a competent witness in favor of the husband, and the husband a competent witness in favor of the wife. The wife here was competent to testify in behalf of her husband to any matters of fact, pertinent to the issue, which any other witness could testify to.

It is true that the opposite party cannot introduce such husband or wife as a witness against their spouse, but they may be introduced for each other. The fact that they can testify in suits between themselves has no relation to this suit. The testimony complained of was not extrajudicial, but was sworn testimony, made competent by statute.

The suggestion of error will therefore be overruled.

*Overruled.*