## CUTRER *v.* STATE.

(Division A.   March 11, 1929.

[121 So. 106.   No. 27686.]

*John E. Davis,* of McComb, for appellant.

*James W. Cassedy, Jr.*, Assistant Attorney-General, for the state.

Argued orally by *Jno. E. Davis*, for appellant, and *James W. Cassedy, Jr.*, Assistant Attorney-General, for the state.

McGowen, J., delivered the opinion of the court.

The appellant, Cutrer, was indicted jointly with Miss Loraine Wilson by the grand jury of Pike county for the crime of unlawful cohabitation. A severance was had, and Cutrer, upon being tried separately, was convicted by the jury and sentenced to pay a fine of one hundred dollars and to serve in the county jail. From that judgment, he appeals here.

Miss Wilson was the only witness to any material facts in the case. She stated, in substance, that the appellant had married her cousin, and that she had known him for over two years; that in the month of March, 1928, prior to the return of the indictment, the appellant

came to see her at her home during the absence of her father and mother—the mother being away nursing a sick neighbor and returning about midnight with the father, who accompanied her each time—every other night for eight weeks; that a part of this time appellant visited her regularly at her home, there having sexual intercourse with her, and would then return to his own home; and that during these visits he would remain with her an hour or two, the visits continuing for about seven or eight weeks. She also stated that during this period they indulged in sexual intercourse six or seven times, and that, when her mother ceased nursing the sick neighbor, they discontinued their relations and never resumed them. Later on the wife of appellant found some letters written by Miss Wilson to the appellant, which caused some investigation, and in October, 1928, the grand jury indicted Miss Wilson and the appellant.

The appellant asked for a peremptory instruction (which was refused by the court) upon two grounds: (1) That the evidence of the codefendant, Loraine Wilson, is uncorroborated and insufficient to sustain a conviction; and (2) that the evidence is sufficient to show the crime of unlawful cohabitation, but does not show habitual sexual intercourse.

On the first ground, we think the evidence, if believed by the jury, applying the test which should be applied to the evidence of a party to the crime, is sufficient, if believed beyond a reasonable doubt by the jury, to sustain a conviction. Section 790, Hemingway's 1927 Code (section 1029, Code 1906), does not require that the testimony of a female codefendant shall be corroborated.

Counsel for appellant contend that the same rule should be applied to this statute as is applied to the age of consent statute, commonly called statutory rape. The manifest answer to this contention is that the statute relied on by appellant as being analogous distinctly provides that the uncorroborated evidence of the female

shall not sustain a conviction, while the statute here involved does not refer to the character or quantity of the evidence.

It is urged that the evidence in this case does not warrant a conviction, because it does not show habitual sexual intercourse, so as to constitute cohabitation. The evidence leads us to the conclusion that this was a brief, clandestine love affair, running over a short period of time, and abandoned as soon as the mother of the girl was on guard. In defining this crime, and what is necessary to establish it, Judge ETHRIDGE, in the case of *Lee v. Oxford,* 134 Miss. 647, 99 So. 509, said:

"It is not necessary that they shall dwell together, nor that they publicly avow the relationship which exists between them. It is sufficient to show that condition or relation, whether it be avowed or concealed, which, if publicly known, would lead men to characterize the woman as the mistress of the man. *It is habitual concubinage or lying together* [italics ours] which constitutes the cohabitation meant by the statute. Where a cohabitation, using the word in its usual sense, is shown, one or more acts of sexual intercourse clearly proved or circumstances from which the fact of such intercourse would necessarily be inferred, as that the parties slept in the same bed, would uphold a verdict of guilty; but, in the absence of evidence of said cohabitation or living together, it is not sufficient to prove occasional acts of sexual intercourse. It is necessary to prove such intercourse so often repeated as to become habitual, or circumstances indicating that it is habitual."

In the instant case, no cohabitation or living together is shown, but only a number of acts of sexual intercourse, which is not sufficient to show the habitual relation, condemned by the statute, between the parties. This case is similar in many respects to the case of *Spikes* v. *State,* 98 Miss. 483, 54 So. 1; *Granberry* v. *State,* 61 Miss. 440.

Applying the test announced above, the facts in this case do not constitute the crime of unlawful cohabitation, however much we may, by the moral code, condemn the action of the parties. The evidence is insufficient, and the appellant, therefore, discharged.

Reversed, and judgment here discharging appellant.

*Reversed.*