The appellant, William Stephen Walter, sued the appellee, Robert A. Wilson, for interfering with his domestic relations with his wife. The suit was filed in the Circuit Court of Jackson County, Mississippi. The plaintiff alleged that the defendant was guilty of criminal conversation and adultery with plaintiff's wife, and that he had alienated her affection from the plaintiff. The trial resulted in a judgment for the plaintiff in the sum of One Dollar ($1.00).
The plaintiff's motion for a new trial was overruled and the plaintiff, appellant here, has appealed to this Court. The appellant contends that the verdict of the jury was so inadequate so as to evince bias and prejudice on the part of the jury; that the trial court committed reversible error in refusing to permit the jury to consider punitive damages on the issue of criminal conversation.
The record in this case shows that the appellee, Robert A. Wilson, was guilty of adultery with appellant's wife. Under the common law a husband is entitled to the services and companionship and consortium of his wife. When he is wrongfully deprived of these rights, he is entitled to a cause of action against one who has interfered with his domestic relations. 42 C.J.S. Husband and Wife § 698 (1944).
Because of the nature of the offense of criminal conversation, punitive or exemplary damages are recoverable. Brister v. Dunaway, 149 Miss. 5, 115 So. 36 (1927); 42 C.J.S. Husband and Wife § 706d (1944); Prettyman v. Williamson, 1 Pennewill, Del., 224, 39 A. 731 (1898); Johnston v. Disbrow, 47 Mich. 59, 10 N.W. 79 (1881); Mills v. Taylor, 85 Mo. App. 111 (1900); Johnston v. Allen, 100 N.C. 131, 5 S.E. 666 (1888); Matheis v. Mazet, 164 Pa. 580, 30 A. 434 (1894); Cornelius v. Hambay, 150 Pa. 359, 24 A. 515 (1892).
In the instant case the plaintiff based his action on two grounds, namely (1) criminal conversation and (2) alienation of affection. The modern trend of authority in the case of alienation of affection is that before the trial judge warranted and submitted to the jury the question of punitive damages on account of alienation of affection, as distinguished from criminal conversation, the testimony must show that the acts of the defendant in alienating the affection of the spouse were done with malice or that there were circumstances or aggravation. Stanton v. Cox, 162 Miss. 438, 139 So. 458 (1932). For example, note the advice of a parent given to his child. 41 Am.Jur.2d Husband and Wife § 507 (1968).
This is not true, however, on the issue of adultery with the wife of another, since malice is presumed. We are, therefore, constrained to follow the common law doctrine and hold that the husband is entitled to have the jury pass upon this issue as well as that of actual damages. We hold, therefore, that the issue of punitive damages should have been submitted to the jury. For that reason this case must be reversed.
Reversed and remanded.
ETHRIDGE, C.J., and JONES, BRADY and SMITH, JJ., concur. *Page 599