462 So.2d 726 (1985)
Peter CAMP
v.
John R. ROBERTS.
No. 54540.
Supreme Court of Mississippi.
January 16, 1985.
Michael J. Malouf, Malouf & Malouf, Jackson, for appellant.
L. Arnold Pyle, Kenneth R. Dreher, Pyle, Harris, Dreher & Mills, Jackson, for appellee.
*727 Before PATTERSON, C.J., and DAN M. LEE and ROBERTSON, JJ.
PATTERSON, Chief Justice, for the Court:
On September 27, 1982, Peter Camp filed suit against John R. Roberts in the Circuit Court of the First Judicial District of Hinds County, charging Roberts with (1) alienation of the affections of Camp's wife from Camp, and (2) criminal conversation with Camp's wife. The complaint also alleged Camp was a resident of New York, New York, and that Roberts maintained residences in both Ocean City, New Jersey, and Queens, New York.
Roberts filed a special motion to dismiss the complaint for lack of in personam jurisdiction. In support of this motion he filed an affidavit stating he (1) was an adult non-resident of the State of Mississippi; (2) had committed no tort in whole or in part against Peter Camp in Hinds County, Mississippi, or anywhere else in the State of Mississippi; and (3) had never been served with process in this cause.
Roberts' motion was sustained on January 6, 1983, when the court dismissed Camp's action for lack of jurisdiction of the person of Roberts. Camp appeals, maintaining the dismissal was erroneous.
Since July 1, 1980, our long arm statute has provided that where a non-resident of this state commits a tort in whole or in part against another non-resident, the aggrieved party may maintain an action in a Mississippi Court. Mississippi Code Annotated, § 13-3-57 (Supp. 1984). Therefore the threshold question is whether the complaint alleges Roberts committed a tort in whole or in part in Mississippi. If so, § 13-3-57 (Supp. 1984), would apply.
The complaint alleges Roberts "by his own acts and deeds intentionally alienated the affections of ... [Camp's wife] from the plaintiff, thereby violating plaintiff's marital harmony with his spouse." Further, Roberts is charged with "criminal conversation with the plaintiff's spouse" inasmuch as Roberts had committed adultery with Camp's wife.
Both alienation of affection and criminal conversation are recognized as torts in Mississippi. Walter v. Wilson, 228 So.2d 597 (Miss. 1969). That case held that where a husband is wrongfully deprived of his rights to the "services and companionship and consortium of his wife," he has a cause of action "against one who has interferred with his domestic relations." 228 So.2d at 598. The husband might then sue for criminal conversation, which may be proved by showing the defendant committed adultery with the plaintiff's wife; and/or alienation of affection, which does not require proof of adultery. In any event, both causes of action are recognized in Mississippi.
Having studied the pleadings in this case, we are of the opinion the complaint contains sufficient allegations that Roberts committed a tort at least in part within this state. While we think this state is being used as a forum of convenience, inasmuch as both parties are residents of states which do not recognize these causes of action, we must hold the lower court had in personam jurisdiction over Roberts by virtue of Mississippi Code Annotated, § 13-3-57 (Supp. 1984). Thus Camp's suit should not have been dismissed. We therefore reverse the judgment and remand the cause for further proceedings.
REVERSED AND REMANDED.
WALKER and ROY NOBLE LEE, P.JJ., and BOWLING, HAWKINS, DAN M. LEE, PRATHER, ROBERTSON and SULLIVAN, JJ., concur.