570 So.2d 1196 (1990)
Shawn OVERSTREET
v.
Dr. Ricardo MERLOS.
No. 07-CA-59633.
Supreme Court of Mississippi.
November 7, 1990.
*1197 George S. Shaddock, Pascagoula, for appellant.
James H. Heidelberg, Bryant Colingo Williams & Clark, Pascagoula, Scherry J. LeSieur, Bryant Colingo Firm, Gulfport, for appellee.
Before DAN M. LEE, P.J., and SULLIVAN and PITTMAN, JJ.
SULLIVAN, Justice, for the Court:
Shawn Overstreet filed his complaint in the Circuit Court of Jackson County, June 16, 1986, against Dr. Ricardo Merlos for alienating the affections of his wife. He alleged that criminal seduction and fornication of his wife, Darlene Overstreet, by Dr. Merlos, was responsible for their separation and divorce. Damages were alleged in the amount of $500,000.00.
Overstreet had previously filed for divorce against his wife, August 8, 1985, charging her with adultery pursuant to Miss. Code Ann., § 93-5-1(2) (Supp. 1985); alternatively he asserted habitual cruel and inhuman treatment. Darlene Overstreet filed a counter suit for divorce on November 4, 1985, asserting her right to divorce for habitual cruel and inhuman treatment. The Chancery Court of Jackson County granted Darlene Overstreet the divorce, December 11, 1985, on her counter suit pursuant to Miss. Code Ann. § 93-5-1 (Supp. 1985). The original divorce was upheld by order February 19, 1986.
On May 2, 1988, Dr. Merlos filed a motion to dismiss Overstreet's alienation of affection suit pursuant to Rule 12(b)(6) M.R.C.P. He claimed that the divorce of the parties extinguished Overstreet's right to file any action wherein the cause of action accrued only by virtue of marriage.
The circuit court granted Dr. Merlos' motion to dismiss for failure to state a claim, after hearing arguments and receiving documentary evidence on May 6, 1988. The basis of the court's reasoning was not stated for the record.
Overstreet herein appeals the court's dismissing his claim under Rule 12(b)(6) M.R.C.P., in that his alienation of affection cause of action accrued prior to, and was the cause of the parties' divorce. This is the only statement of issue submitted on appeal.

DID THE TRIAL COURT ERR IN SUSTAINING THE APPELLEE'S M.R.C.P. 12(b)(6) MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM?
Upon a motion for dismissal pursuant to Rule 12(b)(6) M.R.C.P., failure to state a claim upon which relief can be granted, the pleaded allegations of the complaint must be taken as true and a dismissal should not be granted unless it appears beyond a reasonable doubt that the plaintiff can prove no set of facts in support of his claim which entitles him to relief. Marx v. Truck Renting & Leasing Assoc., 520 So.2d 1333 (Miss. 1987). The circuit court, applying the above standard, found that Overstreet's cause of action fell within the parameters of the rule and dismissed the alienation claim against Dr. Merlos.
Dr. Merlos argues that the circuit court did not err in dismissing the claim because of the lack of a marital relationship, an essential element in an alienation of affection action, and because the common law action of alienation of affection should be abolished. Overstreet's complaint on appeal is based on the fact that the cause of action accrued prior to final separation and his contention that his wife's obtaining a divorce has no effect and does not estop him from bringing his action for alienation of affection against a third party.
The bonds of matrimony between Overstreet and his wife were dissolved by the chancellor on December 11, 1985. Subsequently, the alienation complaint against Dr. Merlos was filed, June 16, 1986.
It is not known what time frame Overstreet is alleging that Dr. Merlos "alienated" his wife's "affection." It seems clear enough, however, that the complaint supports the alienation which was prior to and the cause of the parties' divorce.
Dr. Merlos contends the status of the divorce bars alienation claims. Viable claims of alienation of affection are, however, *1198 not retroactively abolished with divorce. The claim accrues when the alienation or loss of affection is finally accomplished. Dorbrient v. Ciskowski, 54 Wis.2d 419, 195 N.W.2d 449 (1972). Accordingly, the lower court's Rule 12(b)(6) dismissal is fatally flawed. Divorce has no effect on a civil tort action of one spouse against a third party.
Dr. Merlos' second contention in support of the Rule 12(b)(6) dismissal by the circuit court is the needed abolition of alienation of affection as a cause of action in Mississippi. This argument is not rightfully before the court. It's flawed procedurally. Precedent supports common law alienation claims and the circuit court is bound to follow such. See Camp v. Roberts, 462 So.2d 726 (Miss. 1985). Even antiquated causes of action have to be nullified by judicial fiat. The law does not die of old age. See Comet Delta, Inc. v. Pate Stevedore Co. of Pascagoula, Inc., 521 So.2d 857 (Miss. 1988); Martin v. Phillips, 514 So.2d 338 (Miss. 1987); Ford v. White, 495 So.2d 494 (Miss. 1986); Gray v. Baker, 485 So.2d 306 (Miss. 1986).
The circuit court erred in dismissing Overstreet's alienation of affection cause of action on the pleadings. The complaint stated a cause of action sufficient to withstand a Rule 12(b)(6) motion for failure to state a claim upon which relief can be granted.
REVERSED AND REMANDED.
ROY NOBLE LEE, C.J., HAWKINS and DAN M. LEE, P.JJ., and PRATHER, ROBERTSON, ANDERSON, PITTMAN and BLASS, JJ., concur.