784 So.2d 227 (2000)
Mary Juanita Dennis CARR, Individually and as the Natural Mother and Next Friend of the Minor Children, Sarah Elizabeth Carr, Allen Denton Carr and Leslie Ann Carr, Appellant,
v.
Charlotte Lanier Lannom CARR a/k/a Charlotte Lanier Lannom, Appellee.
No. 1999-CA-00556-COA.
Court of Appeals of Mississippi.
November 7, 2000.
Rehearing Denied January 23, 2001.
*228 H.R. Garner, Leigh A. Rutherford, Hernando, Attorneys for Appellant.
T. Swayze Afford, Walter Alan Davis, Saltillo, Attorneys for Appellee.
BEFORE KING, P.J., LEE, AND MYERS, JJ.
KING, P.J., for the Court:
¶ 1. This is an appeal from the Desoto County Circuit Court's grant of summary judgment to Charlotte Lannom Carr. The court found Mary Carr's alienation of affection action against Charlotte Lannom Carr was barred by the statute of limitations and granted summary judgment. Aggrieved by the circuit court's holding, Mary Carr has appealed, alleging that the circuit court applied an erroneous legal standard in granting the appellee's motion for summary judgment.

FACTS
¶ 2. Mary Dennis Carr and Edward Carr were married in Newton, Mississippi on June 8, 1980. This union produced three children, Sarah Elizabeth Carr, Allen Denton Carr and Leslie Ann Carr. The Carrs lived in Memphis, Tennessee, where they maintained a marital relationship until their separation on November 4, 1994. Following this separation, Mr. Carr filed a complaint for divorce in August of 1995 against Mrs. Carr in Shelby County, Tennessee. No action was taken on this divorce complaint; however, it remained on the active docket. Approximately one year later, Mr. Carr moved to Southaven, Mississippi and established residency while Mrs. Carr remained in Tennessee with the couple's three children.
¶ 3. On January 8, 1996, Mr. Carr dismissed his Tennessee divorce proceedings. The next day he filed a complaint for divorce in the Chancery Court of DeSoto County, Mississippi on the grounds of habitual cruel and inhuman treatment or, alternatively, irreconcilable differences. In a trial held in August 1996, the chancery court denied the divorce but awarded Mrs. Carr separate maintenance and child support.
¶ 4. Still seeking a divorce, Mr. Carr traveled to the Dominican Republic in March of 1997. After a two day visit he obtained an irreconcilable differences divorce in the Dominican Republic. In July of 1997, Charlotte Lannom Carr and Mr. Carr flew to Las Vegas where they were *229 married. They returned to their home in Southaven, representing themselves as husband and wife. On December 2, 1997, Mrs. Carr filed a petition to terminate or restrict Mr. Carr's visitation with the children. In addition to filing this petition, Mrs. Carr, individually and on behalf of the children, filed a complaint for alienation of affection against Charlotte Lannom Carr, in the Desoto County Circuit Court. The complaint alleged that Edward Carr and Charlotte Lannom Carr engaged in an improper relationship which began in August of 1993. Mr. Carr promised on at least one occasion to end his relationship with Charlotte Lannom Carr. Despite his promises, Mr. Carr continued the relationship with Charlotte Lannom Carr. On November 4, 1994, this relationship caused Mr. Carr to leave the marital home and abandon the marital relationship. Charlotte Lannom Carr responded to the complaint for alienation of affection with a motion for summary judgment. In that motion, she asserted that since the statute of limitations had run on the claim that no genuine issues of material fact remained to be determined.
¶ 5. After a hearing on the matters stated in Mrs. Carr's complaint, the circuit court (1) refused to recognize the Dominican divorce and Mr. Carr's subsequent marriage to Charlotte Lannom Carr, (2) dismissed the children's alienation of affection claim for lack of standing, and (3) granted Charlotte Lannom Carr's motion for summary judgment since the alienation of affection claim was time barred. Aggrieved by the court's grant of the motion for summary judgment, Mary Carr now perfects this appeal.

ISSUE AND ANALYSIS
¶ 6. Mrs. Carr argues that because the trial court failed to fully comprehend the facts, it erred in granting summary judgment to Charlotte Lannom Carr. She claims that the question of whether the statute of limitations bars an action is proper for summary judgment only if there is no genuine issue of material fact about the question. According to Mrs. Carr, there were issues of fact regarding the divorce in the Dominican Republic, the house purchased by Charlotte Lannom Carr with Mr. Carr's father, Mr. Carr's alleged marriage to Charlotte Lannom Carr and whether the marriage ended when Mr. Carr moved out of the house on November 4, 1994.
¶ 7. When reviewing the trial court's grant of summary judgment, we employ a de novo standard of review. Seymour v. Brunswick Corp., 655 So.2d 892, 894 (Miss. 1995) (citing Short v. Columbus Rubber & Gasket Co., 535 So.2d 61, 63 (Miss.1988)). In applying this standard, we review all evidentiary matters before us in the record: affidavits, depositions, admissions, interrogatories, etc. Seymour, 655 So.2d at 894. The evidence is viewed in the light most favorable to the nonmoving parties, and they are given the benefit of every reasonable doubt. Mississippi Ins. Guar. Ass'n v. Harkins & Co., 652 So.2d 732, 735 (Miss.1995). Summary judgment lies only when there is no genuine issue of material fact, and the moving party is entitled to a judgment as a matter of law. Id. To prevent summary judgment, the non-moving party must establish a genuine issue of material fact by means allowable under the rule. Baptiste v. Jitney Jungle Stores of Am., 651 So.2d 1063, 1065 (Miss.1995) (citing Lyle v. Mladinich, 584 So.2d 397, 398 (Miss.1991)). Having applied this standard, this Court finds that there were no material issues of disputed fact.
¶ 8. The elements of an alienation of affection claim include wrongful conduct of the defendant, loss of affection or consortium, and a causal connection between *230 such conduct and loss. Saunders v. Alford, 607 So.2d 1214, 1215 (Miss.1992). See also Bearbower v. Merry, 266 N.W.2d 128 (Iowa 1978); Giltner v. Stark, 219 N.W.2d 700 (Iowa 1974); Hunt v. Hunt, 309 N.W.2d 818 (S.D.1981). Mary Carr alleged that Mr. Carr engaged in an improper relationship with Charlotte Lannom Carr in 1993 while still married. Mary Carr alleged that this relationship with Charlotte Lannom Carr caused him to leave his family and seek a divorce. If true, these allegations would appear to establish a valid claim for alienation of affection. However, a claim for alienation of affection must be filed within three years after the cause of action accrues. Miss.Code Ann. § 15-1-49 (Rev.1995). A claim of alienation of affection accrues when the alienation or loss of affection is finally accomplished. Overstreet v. Merlos, 570 So.2d 1196, 1198 (Miss.1990) (citing Dobrient v. Ciskowski, 54 Wis.2d 419, 195 N.W.2d 449 (1972)). See also Bland v. Hill, 735 So.2d 414 (1117) (Miss.1999) (quoting Camp v. Roberts, 462 So.2d 726, 727 (Miss.1985) (stating that where a husband is wrongfully deprived of rights to services and consortium of his spouse, he has a cause of action against the one who has interfered with his domestic relations)).[1] The claim accrued on November 4, 1994 when Mr. Carr, in open pursuit of a relationship with Charlotte Lannom Carr, moved out of the marital home and abandoned the marital relationship. Mrs. Carr filed her claim on December 2, 1997, approximately one month after the statute of limitations had run on the claim. That claim is therefore barred by the statute of limitations, making summary judgment proper in this case. We affirm the judgment of the trial court.
¶ 9. THE JUDGMENT OF THE DESOTO COUNTY CIRCUIT COURT GRANTING SUMMARY JUDGMENT IN FAVOR OF THE APPELLEE IS AFFIRMED. APPELLANT IS TAXED WITH ALL COSTS OF THIS APPEAL.
McMILLIN, C.J., SOUTHWICK, P.J., BRIDGES, IRVING, LEE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. MOORE, J., NOT PARTICIPATING.
NOTES
[1] Saunders v. Alford, 607 So.2d 1214, 1219 (Miss.1992) overruled the tort of criminal conversations in Camp and maintained the tort of alienation of affection. Bland cites the passage from Camp that is used here.