962 So.2d 627 (2007)
Roger Lionel HANCOCK, Appellant
v.
David Steven WATSON, Appellee.
No. 2005-IA-00413-COA.
Court of Appeals of Mississippi.
January 9, 2007.
Rehearing Denied May 22, 2007.
*628 Chuck McRae, William B. Kirksey, Jackson, attorneys for appellant.
Robert D. Jones, Meridian, Palmer, Eddie Briggs, DeKalb, attorneys for appellee.
Before KING, C.J., CHANDLER and ROBERTS, JJ.
KING, C.J., for the Court.
¶ 1. Roger Lionel Hancock brought this interlocutory appeal following the trial court's denial of his motion to dismiss. Hancock asserts that the trial court erred in its conflicts of law analysis, its failure to find lack of subject matter jurisdiction, and its statute of limitations analysis.

PROCEDURAL HISTORY
¶ 2. David Watson filed his complaint in the circuit court of Hinds County, alleging alienation of affection, on April 23, 2004. Hancock filed a motion to dismiss and a motion for a more definite statement on June 2, 2004, contending that the complaint did not sufficiently allege facts in support of the claim that would enable Hancock to respond properly. After a hearing on October 27, 2004, the trial court ordered Watson to file an amended complaint that more specifically stated the facts upon which Watson based his claim. The trial court stated that it would consider the motion for a more definite statement moot and would take the motion to dismiss under advisement, with a warning to Watson that the court would grant the motion to dismiss if the amended complaint did not comply with his order. Following the filing of the amended complaint, in which Watson alleged Hancock conducted an affair with Lori Watson in 1999 and 2000, Hancock filed a second motion to dismiss.
¶ 3. Following a hearing in February 2005, the court denied both motions to dismiss. The trial court also denied Hancock's motion to reconsider and request for permission to file an interlocutory appeal. Hancock then advised the trial court that despite the trial court's denial, he was proceeding with an interlocutory appeal. On March 1, 2005, Hancock filed a petition for interlocutory appeal with the Mississippi Supreme Court. The court granted the petition and assigned the case to this Court on May 10, 2005.

FACTS[1]
¶ 4. David and Lori Watson, both residents of Tennessee, were married in 1989. During the first ten years of their marriage, the couple had two children. According to the allegations of David Watson's amended complaint, Hancock began a sexual affair with Lori in 1999. The last incident alleged in the amended complaint occurred in 2000. The affair ended without Watson ever knowing that the affair *629 existed. Lori continued in her marriage to Watson, giving birth to the couple's third child in August 2002.
¶ 5. On May 19, 2003, while Lori was six months pregnant with the couple's fourth child, Watson learned of the affair. On November 12, 2003, Watson filed for divorce, citing May 20, 2003, as the date of separation. A Tennessee court granted the irreconcilable differences divorce on February 20, 2004. Despite the divorce, the couple continued to reside together in the house that had served as the marital residence and to share responsibilities in raising their four children.[2]

ANALYSIS
¶ 6. Hancock argues that, for a variety of reasons, the trial court should have applied Tennessee law. Tennessee has abolished alienation of affection as a viable cause of action; therefore, Hancock argues, the trial court, applying a choice of law analysis, should have granted Hancock's motion to dismiss for failure to state a claim for which relief can be granted. Alternatively, Hancock argues that even if Mississippi law applied, the statute of limitations has expired, and Watson is procedurally barred from bringing his claim.
¶ 7. Watson contends that the trial court properly applied Mississippi law because Watson is bringing a claim for a tort that occurred in Mississippi. Watson also disputes Hancock's assertion that the statute of limitations has expired. Watson contends that whether the trial court applied the one-year or the three-year statute of limitations, his complaint is not procedurally barred because he filed the claim within one year of his discovery of the affair.
1. Choice of law analysis
¶ 8. The situation before the Court is a classic conflict of laws issue. In Mississippi, alienation of affection is a viable cause of action. See Bland v. Hill, 735 So.2d 414, 418(¶ 17) (Miss.1999) (stating that the court "decline[s] the invitation to abolish the tort of alienation of affection."). See also Kirk v. Koch, 607 So.2d 1220 (Miss.1992) (upholding an award of $50,000 on an alienation of affection claim). In Tennessee, however, both the legislature and judiciary have abolished alienation of affection as a viable cause of action. See Tenn.Code Ann. § 36-3-701 (2006) (abolished in 1989); Dupuis v. Hand, 814 S.W.2d 340, 345 (Tenn.1991) (stating that "in the final analysis, the action does not protect marriage or the family  its only real justification  and the harm it causes far outweighs any reason for its continuance.") (citation omitted).
¶ 9. Choice of law analysis is a three step process. See Zurich Am. Ins. Co. v. Goodwin, 920 So.2d 427, 433-34 (¶¶ 9, 11, 13) (Miss.2006). First, the Court must determine whether the conflicting laws are substantive or procedural. See id. at 433(¶ 9). The Court must then classify the substantive area of law  contract, tort, or property  applicable to the conflicting laws, as each area of law has its own choice of law provisions. See id. at 433 (¶ 11). Finally, the Court must apply the appropriate analytical provisions to the conflict. See id. at 434(¶ 13).
¶ 10. In the case before the Court, the first two steps in the process are easily resolved. Clearly, the conflicting laws are substantive, as the outcome will determine whether Watson has a viable cause of action. If Tennessee law applies, the suit *630 must be dismissed, as alienation of affection has been abolished in Tennessee. Categorizing the substantive area of law for an alienation of affection claim is also a simple step. Alienation of affection claims are tort actions. Accordingly, the Court will apply the test adopted by the Mississippi Supreme Court to resolve tort choice of law questions  the "most significant relationship test" set forth in the Restatement (Second) of Conflicts of Law Section 145. See McDaniel v. Ritter, 556 So.2d 303, 310 (Miss.1989). The Restatement section provides as follows:
(1) The rights and liabilities of the parties with respect to an issue in tort are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties under the principles stated in § 6.[3]
(2) Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include:
(a) the place where the injury occurred,
(b) the place where the conduct causing the injury occurred,
(c) the domicile, residence, nationality, place of incorporation and place of business of the parties, and
(d) the place where the relationship, if any, between the parties is centered.
Restatement (Second) of Conflicts of Law § 145 (2003).
¶ 11. After reviewing the limited facts available in the record, given that this appeal is before the Court as an interlocutory appeal of the trial court's denial of Hancock's motion to dismiss, the Court finds that it is unable to complete the conflict of law analysis due to the lack of factual information available from the record. Although the amended complaint alleges that Lori Watson conducted her affair with Hancock in the State of Mississippi, those allegations do not end the inquiry as to the place where the injury or the conduct causing the injury occurred.
¶ 12. An alienation of affection claim requires a finding of the following elements: "(1) wrongful conduct of the defendant; (2) loss of affection or consortium; and (3) causal connection between such conduct and loss." Bland v. Hill, 735 So.2d 414, 417(¶ 13) (Miss.1999) (citations omitted). Moreover, "[a] claim for alienation of affections does not require that the plaintiff prove an adulterous relationship." Id. Due to the nature of the marital relationship and the type of conduct necessary to create a loss of affection or consortium, application of these elements cannot be satisfied simply by an allegation that an extra-marital affair took place. Unlike a tort claim arising from an automobile accident, determining the location of an alienation of affection claim is not a simple matter of naming the site of the incidents of Hancock's sexual encounters with Lori. To determine where the injury or the conduct causing the injury occurred would require an in-depth inquiry into the scope of the relationship between Lori and Hancock  including, for example, the manner and frequency and content of their communications outside of their face-to-face meetings. The record provides us with no such additional information.
*631 ¶ 13. Accordingly, the Court remands this case to the trial court so that the trial court may direct the parties to engage in discovery on the details of the communications and actions between Hancock and Lori which Watson contends led to the alienation of Lori's affections. After that discovery is complete, the trial court should then be able to apply "the most significant relationship" test and complete the conflicts of law analysis.
2. Statute of Limitations Analysis
¶ 14. Both parties stated initially in their briefs that alienation of affection claims are governed by a three-year statute of limitations. Hancock argues alternatively, however, that because Watson is pleading an intentional tort rather than negligence, the one-year statute of limitation set forth in Mississippi Code Annotated Section 15-1-35 should apply.
¶ 15. Alienation of affection is an intentional tort with no specifically prescribed statute of limitations; therefore, the three-year statute of limitations applies to alienation of affection claims. Carr v. Carr, 784 So.2d 227, 230(¶ 8) (Miss. Ct.App.2000). See also Miss.Code Ann. § 15-1-49 (Rev.2003). On May 19, 2003, Watson discovered that his wife, Lori, engaged in an affair with Hancock between 1999 and 2000. He filed his claim for alienation of affection on April 23, 2004, less than a year after he discovered the affair but more than three years after the affair ended.
¶ 16. Accordingly, the crux of the statute of limitations issue in this case lies in the accrual of the claim for alienation of affection. Under Mississippi law, "[a] claim of alienation of affection accrues when the alienation or loss of affection is finally accomplished." Carr, 784 So.2d at 229-30(¶ 8) (citations omitted). The accrual of the claim, then, occurs when the affections of the spouse involved in the extramarital relationship are alienated. The affections of the spouse wronged by the affair are irrelevant to a determination of when the cause of action accrued.
¶ 17. Watson argues that the claim accrued when he learned of the affair in May 2003 because it was his discovery of the affair that led to the divorce. Hancock, however, argues that he has had no contact with Lori since the affair ended in 2000; therefore, the cause of action could have accrued no later than the date of his last contact with Lori. Because his last contact with Lori was more than four years ago, Hancock argues that the statute of limitations has expired.
¶ 18. Again, due to the procedural posture of this case, the Court is unable to determine when the cause of action accrued. Based on the limited facts before the Court, however, it appears that Watson was never aware that the affair existed until several years after it had ended. Additionally, it appears that Watson, not Lori, ended the marriage, as he is the one who initiated the divorce. The limited information available for this Court to review indicates that although Lori was engaged in an affair, she continued to live with Watson in the matrimonial home and maintained the appearance, at least, of a stable married family, as evidenced by Watson's ignorance of the affair. After the affair ended, Lori continued her marriage to her husband and proceeded to have two more children with him.
¶ 19. On remand, the Court instructs the trial judge to direct the parties to engage in discovery that will ascertain when "the alienation or loss of affection [was] finally accomplished." Watson's arguments before this Court  in both his brief and during oral argument  have left the Court, in light of Lori's decision to *632 remain with her husband during the course of the affair and afterward, with the impression that Watson is arguing that the cause of action accrued upon his discovery of the affair. In other words, Hancock's affair with Lori caused his affections to be alienated. Under Bland, 735 So.2d at 421(¶ 33) (Miss.1999), a claim for alienation of affection must be proven with evidence "that the acts of the defendant in alienating the affection of the spouse were done with malice or that there were circumstances or aggravation. . . ." Again, Lori's affections must be the focus of the discovery. Watson's affections have no relevance in the statute of limitations analysis.
¶ 20. Alternatively, Watson's arguments have raised questions with this Court as to whether Watson is simply disguising a claim for criminal conversation[4], which has been abolished in Mississippi, as a claim for alienation of affection. These issues can be resolved, in conjunction with the question of the accrual of the claim, only after further discovery between the parties.
¶ 21. THE JUDGMENT OF THE HINDS COUNTY CIRCUIT COURT IS REMANDED FOR PROCEEDINGS CONSISTENT WITH THIS COURT'S OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
LEE AND MYERS, P.JJ., CHANDLER, GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY. CARLTON, J., NOT PARTICIPATING.
NOTES
[1] As this case is currently before this Court following an interlocutory appeal of the denial of Hancock's motion to dismiss, the facts available to this Court are derived from Watson's amended complaint and Hancock's two motions to dismiss (including exhibits).
[2] The divorce decree converted ownership of the marital home to the Watsons as tenants in common for a period of twenty-four months from the date of the divorce decree. Thereafter, the house was to be sold and the proceeds divided equally.
[3] Restatement (Second) of Conflicts of Law § 6 sets forth the general principles and factors to be considered in a choice of law analysis, including policy considerations, uniformity of results in the application of the analysis, and ease in application of the analysis. See Restatement (Second) of Conflicts of Law § 6(2).
[4] The Mississippi Supreme Court abolished the tort of criminal conversation, defined as "no more or less than an act of adultery between the defendant and the plaintiff's spouse," in Saunders v. Alford, 607 So.2d 1214, 1216 (Miss.1992).