MAXWELL, J,
 

 for the Court:
 

 ¶ 1. Don Odom had an affair with William Fulkerson’s wife, which ended in June 2003. Fulkerson first learned of the past affair in November 2006. In November 2007, Fulkerson sued Odom for alienation of affection. The Wayne County Circuit Court granted Odom summary judgment based on Fulkerson’s failure to file suit within three years of the accrual of his claim.
 

 ¶ 2. Our de novo review reveals the latest accrual date of Fulkerson’s claim was June 2003, when the affair ended. A November 2006 phone conversation between Odom and Fulkerson’s wife was neither the final accomplishment of the alienation of the vtife’s affections nor evidence of a latent injury or a continuing tort, tolling the statute of limitations. Therefore, we affirm the grant of summary judgment in favor of Odom.
 

 FACTS
 

 ¶ 3. Odom admits he had an affair, including a sexual relationship, with Fulker-son’s wife, Paula. At the time, Fulkerson did not know Paula was having an affair and did not experience any change or loss in his marriage relationship. Both Odom and Paula testified they ended the affair by June 2003.
 

 ¶ 4. Almost three years later, in early 2006, Fulkerson, who traveled for work, began suspecting something might be wrong in his marriage. He secretly tapped their home phone and recorded a November 2006 phone conversation between Odom and Paula. Odom had called out of concern for a mutual relative by marriage, who had recently gotten into trouble. Toward the end of the conversation, Odom alluded to their past relationship:
 

 Odom: I don’t want to cause no trouble or nothing. I just think about you every once in a while.
 

 Paula: Yeah.
 

 
 *851
 
 Odom: You know I still got feelings for you.
 

 Paula: Yeah. I still love you too....
 

 Paula then immediately changed the subject to other events concerning her family.
 

 ¶ 5. When Fulkerson heard this conversation, he immediately confronted his wife and Odom, who both admitted to the previous affair. Fulkerson moved out of the marital home into a camper on the property. He filed for divorced in May 2007, which was granted in October 2007. In November 2007, he filed a complaint against Odom for alienation of affection.
 

 ¶ 6. Odom moved for summary judgment based on the running of the three-year statute of limitations. In support of his motion, Odom denied any contact with Paula after the sexual relationship had ended in 2003 and before he called her in 2006. Fulkerson’s only evidence of arguably wrongful conduct within the three-year-statute-of-limitations period was the November 2006 phone call. Finding the phone call was not sufficient evidence of wrongful conduct to establish an alienation-of-affections claim, the circuit court granted Odom’s motion and dismissed Fulkerson’s complaint.
 

 DISCUSSION
 

 I. Summary-Judgment Review
 

 ¶ 7. We conduct a de novo review of a trial court’s grant or denial of a motion for summary judgment.
 
 Lewallen v. Slawson,
 
 822 So.2d 236, 237 (¶ 6) (Miss.2002) (citation omitted). Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c). In determining whether the trial court properly granted summary judgment, we view the facts in the light most favorable to the nonmovant.
 
 Robinson v. Singing River Hosp. Sys.,
 
 732 So.2d 204, 207 (¶ 12) (Miss.1999) (citation omitted).
 

 ¶ 8. Summary judgment must be granted when the nonmoving party “fails to make a showing sufficient to establish the existence of an element essential to his case and on which he bears the burden of proof at trial.”
 
 Borne v. Dunlop Tire Corp.,
 
 12 So.3d 565, 570 (¶ 16) (Miss.Ct. App.2009) (citing
 
 Grisham, v. John Q. Long V.F.W. Post, No. 4057, Inc.,
 
 519 So.2d 413, 416 (Miss.1988)). To withstand summary judgment, the nonmoving party must produce significant probative evidence of a genuine issue for trial.
 
 Id.
 
 (citing
 
 Price v. Purdue Pharm. Co.,
 
 920 So.2d 479, 485 (¶ 16) (Miss.2006)).
 

 II. Alienation of Affection
 

 ¶ 9. To establish a claim for alienation of affection, the plaintiff must prove “(1) wrongful conduct of the defendant; (2) loss of affection or consortium; and (3) causal connection between such conduct and loss.”
 
 Hancock v. Watson,
 
 962 So.2d 627, 630 (¶ 12) (Miss.Ct.App.2007) (quoting
 
 Bland v. Hill,
 
 735 So.2d 414, 417 (¶13) (Miss.1999)). Though alienation of affection is an intentional tort, it does not have a specifically prescribed statute of limitations. Therefore, we apply the general three-year statute of limitations found in Mississippi Code Annotated section 15 — 1— 49 (Rev.2003).
 
 Hancock,
 
 962 So.2d at 631 (¶ 15) (citing
 
 Carr v. Carr,
 
 784 So.2d 227, 230 (¶ 8) (Miss.Ct.App.2000)).
 

 ¶ 10. The circuit court granted summary judgment in favor of Odom because Fulkerson had failed to present sufficient facts on the following essential issues: (1) whether Fulkerson’s claim accrued within the three-year statutory period prior to November 2007 and (2) whether Fulkerson suffered any loss of affection or consortium
 
 *852
 
 during his wife’s affair. On appeal, Fulk-erson argues the facts create jury questions on both issues. Because we find the circuit court correctly found the statute of limitations had run, we affirm the grant of summary judgment without reaching the issue of loss of consortium.
 

 III. When Fulkerson’s Claim Accrued
 

 ¶ 11. In
 
 Hancock v. Watson,
 
 we considered the accrual date for limitations purposes in an alienation-of-affection case.
 
 Hancock,
 
 962 So.2d at 631-32 (¶¶ 14-19). The husband, Watson, first learned in 2003 that his wife had an affair with Hancock that ended in 2000. Watson sued Hancock for alienation of affection in 2004, claiming his cause of action accrued in 2003 when he discovered his wife’s affair. On interlocutory appeal, this court rejected Watson’s argument, instead finding:
 

 Under Mississippi law, a claim of alienation of affection accrues when the alienation or loss of affection is finally accomplished. The accrual of the claim, then, occurs when the affections of the spouse involved in the extramarital relationship are alienated. The affections of the spouse wronged by the affair are irrelevant to a determination of when the cause of action accrued.
 

 Id.
 
 at 631 (¶ 16) (internal citations and quotations omitted). Because Watson’s loss of affection for his wife, once he learned of the affair, was irrelevant for accrual purposes, the case was remanded for further discovery on the date of accrual of the loss of the wife’s affections.
 
 Id.
 
 at 631-32 (¶ 19).
 

 ¶ 12. Based on
 
 Hancock,
 
 we find Fulk-erson’s personal loss of affection—in reaction to the 2006 phone call and his wife’s later admission of the past affair—is irrelevant for accrual purposes. Instead, our inquiry focuses on discerning when the loss of Fulkerson’s wife’s affections was finally accomplished.
 

 ¶ 13. In considering the evidence in'the light most favorable to Fulkerson, we find his claim accrued in June 2003, the last time Odom and Paula participated in the affair. Once they both decided the affair was wrong, Odom stopped pursuing Paula. She then returned to her marriage with Fulkerson, who experienced no loss of consortium for more than three years. The November 2006 phone conversation merely confirms the past accomplishment of the loss of the wife’s affections.
 

 A. No Tolling under the Discovery Rule
 

 ¶ 14. Because Fulkerson’s discovery of the affair is irrelevant to the question of when his claim accrued, the “discovery rule” cannot be used in these circumstances to delay the accrual Fulk-erson’s claim until 2006, when Fulkerson learned of the past affair. Mississippi Code Annotated section 15-1-49(2) (Rev. 2003) codifies the discovery rule, which delays accrual of actions “which involve latent injury or disease ... until the plaintiff has discovered, or by reasonable diligence should have discovered the injury.” Miss.Code Ann. § 15-1-49(2).
 

 ¶ 15. The Mississippi Supreme Court defines “latent injury” as one where the “plaintiff will be precluded from discovering harm or injury because of the secretive or inherently undiseoverable nature of the wrongdoing in question or when it is unrealistic to expect a layman to perceive the injury at the time of the wrongful act.”
 
 PPG Architectural Finishes, Inc. v. Lowery,
 
 909 So.2d 47, 50 (¶ 12) (Miss.2005) (quoting
 
 Donald v. Amoco Prod. Co.,
 
 735 So.2d 161, 168 (¶18) (Miss.1999)). Although a clandestine affair is a secretive wrongdoing, it is not unrealistic to expect a plaintiff to perceive, at the time of the affair, the resulting harm—the
 
 *853
 
 loss of consortium through alienation of the spouse’s affection.
 

 ¶ 16. We further emphasize the affair itself is not the harm. Almost twenty years ago, Mississippi abolished the tort of criminal conversation, which presumed a spouse was injured by an affair.
 
 Saunders v. Alford,
 
 607 So.2d 1214, 1218-19 (Miss.1992). In contrast, alienation of affection requires loss of affection or consortium, an interest that “is personal to the [husband] and arises out of the marriage relation.”
 
 Bland v. Hill,
 
 735 So.2d 414, 418 (¶ 17) (Miss.1999) (citations omitted). Because the injury is the detrimental change in the marriage relationship, it is reasonable for a spouse to discover the change in the marriage as it occurs.
 

 ¶ 17. Fulkerson testified he did not notice any changes or loss in his marriage relationship during the time of the affair. He admitted he did not exercise reasonable diligence concerning the state of his marriage but instead traveled often for work and pre-occupied himself with his grandchildren. If he discovered any latent injury in 2006, it was an injury for criminal conversation, which Mississippi no longer legally recognizes.
 

 B. No Tolling under the Continuing-Tort Doctrine
 

 ¶ 18. Fulkerson admits the 2006 phone conversation alone is not sufficient evidence to support an alienation-of-affection claim and argues instead the phone conversation is evidence of a continuing tort.
 

 ¶ 19. “A continuing tort sufficient to toll a statute of limitations is occasioned by continual unlawful acts, not by continual ill effects from an original violation.”
 
 Pierce v. Cook,
 
 992 So.2d 612, 619 (¶ 25) (Miss.2008) (quoting
 
 Smith v. Franklin Custodian Funds, Inc.,
 
 726 So.2d 144, 148 (¶ 17) (Miss.1998)). Our supreme court has described these continual acts as “wrongful conduct that is repeated until desisted,” emphasizing it is the repeated conduct, not the repeated injury that tolls the statute of limitations.
 
 Id.
 

 ¶ 20. The undisputed evidence shows Odom desisted his wrongful conduct by June 2003, cutting off the possibility of a continual tort. A phone call three years later is too remote in time to be significant probative evidence of a genuine issue of whether Odom was in fact continuing his wrongful conduct. Were we to adopt Fulkerson’s position, a person who had an affair with a husband or wife twenty-five years ago would be potentially liable for alienation of affection on the basis of one nostalgic, rekindling phone call — even though the affair had ended decades earlier and his or her spouse experienced no loss of consortium for twenty-five years. Such a result runs contrary to the purpose of our statute of limitations — “to compel the exercise of a right of action within a reasonable time.”
 
 Miss. Dept. of Pub. Safety v. Stringer,
 
 748 So.2d 662, 665 (¶ 13) (Miss.1999) (citation omitted) (Statute of limitations “are founded upon the general experience of society that valid claims will be promptly pursued and not allowed to remain neglected.”).
 

 ¶ 21. Three years passed after Odom had ended his admitted wrongful conduct without Fulkerson filing a complaint for alienation of affection or experiencing any loss of consortium due to Odom’s past conduct. Odom’s phone call could no more obviate the statutory bar of section 15-1-49 than the phone call in our hypothetical example. Section 15-1-49(1) required Fulkerson to commence his cause of action “within three (3) years next after the cause of such action accrued
 
 and not after.”
 
 Miss.Code Ann. § 15-1-49(1) (emphasis added). Thus, section 15-1-49(1) bars his claim.
 

 
 *854
 
 ¶ 22. Because Fulkerson presented no evidence supporting a claim for alienation of affection accruing within the three years before he sued Odom, we affirm the grant of summary judgment in favor of Odom and the dismissal of Fulkerson’s claim.
 

 ¶ 23. THE JUDGMENT OF THE WAYNE COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
 

 KING, C.J., LEE AND MYERS, PJJ., GRIFFIS, BARNES, ISHEE AND ROBERTS, JJ., CONCUR. IRVING AND CARLTON, JJ., CONCUR IN RESULT ONLY WITHOUT SEPARATE WRITTEN OPINION.