# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

December 21, 2012

No. 12-60177
Summary Calendar

Lyle W. Cayce
Clerk

MICHAEL KACZKOWSKI,

Plaintiff - Appellee

v.

EMIL R. DOVAN,

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:10-CV-553

Before JONES, DENNIS, and HAYNES, Circuit Judges.

PER CURIAM:[*]

In this diversity suit, defendant-appellant Emil Dovan appeals the district court's entry of judgment against him pursuant to a jury verdict on a Mississippi state law fraud claim brought by plaintiff-appellee Michael Kaczkowski arising out of the parties involvement in a prosthetics enterprise. First, Dovan makes several arguments related to the sufficiency of the evidence. Second, Dovan argues that the district court abused its discretion in declining to adopt and

---

[*] Pursuant to Fifth Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Fifth Circuit Rule 47.5.4.

No. 12-60177

submit to the jury several interrogatories.  For the reasons set forth herein, we affirm.

## BACKGROUND

On August 19, 2010, Kaczkowski filed suit in Mississippi state court against Dovan and Alatheia Prosthetic Rehabilitation, LLC, bringing state law claims for fraud, breach of fiduciary duty, negligent misrepresentation, misappropriation of trade secrets, conversion, tortious interference with business relations, and constructive trust arising out of Kaczkowski's association with Dovan in the Alatheia business venture.  Kaczkowski alleged that in the late 1990s Dovan induced him to leave his former employment with a different prosthetics firm and become a partner with Dovan in Alatheia.  Kaczkowski further alleged, inter alia, that Dovan fraudulently misrepresented to Kaczkowski that Kaczkowski was a partner in Alatheia, and that this fraud resulted in financial and other injury.  On October 4, 2010, Dovan and Alatheia removed the suit to federal district court based on diversity of citizenship.  *See* 28 U.S.C. §§ 1332, 1441.

The case was eventually tried to a jury in January 2012.  Prior to submission of the case to the jury, Alatheia was dismissed as a party and all of Kaczkowki's claims save the fraud claim were dismissed.  With respect to the fraud claim, Dovan twice moved the district court for judgment as a matter of law pursuant to Federal Rule of Civil Procedure 50(a), first at the close of Kaczkowki's case in chief and again at the close of all the evidence.  On January 17, 2012, the jury returned a verdict finding Dovan liable on the fraud claim and awarding Kaczkowski $168,000 in compensatory damages.  The jury found Dovan not liable for additional punitive damages.  Accordingly, on January 25, 2012, the district court entered a final judgment against Dovan for the amount of $168,000.  Dovan did not renew his motions for judgment as a matter of law following the verdict.  *See* Fed. R. Civ. P. 50(b).  This appeal followed.

No. 12-60177

## DISCUSSION

We first address Dovan's arguments implicating the sufficiency of the evidence supporting Kaczkowski's claim and the jury's verdict. First, Dovan contends that the district court erred in denying his two motions for judgment as a matter of law filed pursuant to Rule 50(a). He argues that the district court erred in denying his Rule 50(a) motions because the evidence was insufficient to make out the elements of Kaczkowski's fraud claim and because the evidence established that the claim was barred by the applicable three-year statute of limitations.[1] He further argues that the jury verdict and the final judgment entered on the basis of that verdict should be reversed as against the overwhelming weight of the evidence.

However, as Kaczkowski correctly argues, Dovan forfeited his ability to appeal these challenges to the sufficiency of the evidence by failing to file a renewed motion for judgment as a matter of law post-verdict pursuant to Rule 50(b). *See Downey v. Strain*, 510 F.3d 534, 542-43 (5th Cir. 2007) (holding that a defendant "waive[s] his right to appeal on the grounds of sufficiency of the evidence [when] he [fails to] file a motion under Federal Rule of Civil Procedure 50(b) for judgment as a matter of law after the jury's verdict" (citing *Unitherm Food Sys., Inc. v. Swift-Eckrich, Inc.*, 546 U.S. 394, 400-01 (2006)). The *Downey* court explained the holding of the Supreme Court in *Unitherm* as follows:

> In *Unitherm*, the Supreme Court held that when a party files a Rule 50(a) preverdict motion for judgment as a matter of law but files neither a Rule 50(b) postverdict motion nor a Rule 59 motion for a new trial, the party is precluded from seeking appellate review of the sufficiency of the evidence supporting the verdict. [*Unitherm*, 546 U.S. at 400-01.] The Court held that the district court's denial of a Rule 50(a) motion cannot form the basis of a party's appeal because such denial is "merely an exercise of the District Court's

---

[1] "In Mississippi, a claim of fraud has a three-year statute of limitations." *Sullivan v. Tullos*, 19 So. 3d 1271, 1274 (Miss. 2009); *see* Miss. Code. Ann. § 15-1-49(1).

discretion, in accordance with the text of the Rule and the accepted practice of permitting the jury to make an initial judgment about the sufficiency of the evidence." *Id.* at 406; *see also* Fed. R. Civ. P. 50(a) ("the court *may* determine" that there is no legally sufficient evidentiary basis and "*may* grant a motion for judgment as a matter of law") (emphasis added).

*Downey*, 510 F.3d at 543. Accordingly, Dovan's failure to renew his motions for judgment as a matter of law after the jury's verdict is fatal to his appeal of the district court's denial of those motions.

We reject Dovan's contention that *Unitherm* does not bar him from arguing on appeal that the district court erred in denying his Rule 50(a) motions with respect to his limitations defense. Dovan contends that his limitations argument presents a question of law, while *Unitherm* bars only fact-dependent sufficiency challenges. This argument fails to recognize that the district court necessarily and properly weighed the disputed evidence relevant to the limitations issue when deciding not to exercise its discretion to grant Dovan's Rule 50(a) motions.[2]

In ruling orally on Dovan's second Rule 50(a) motion, the district court noted that "[Dovan] argue[d] strenuously that the statute of limitations has run on the fraud claim[]," but concluded that it "w[ould] allow that claim to go forward to the jury," after having properly viewed "all the evidence in favor of the plaintiff."[3]

---

[2] *See* Fed. R. Civ. P. 50(a) (providing that "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally *sufficient evidentiary basis* to find for the party on that issue, the court may . . . grant a motion for judgment as a matter of law against the [non-moving] party on a claim *or defense* that, under the controlling law, can be maintained or defeated only with a favorable finding on that issue" (emphases added)).

[3] *See, e.g.*, *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 403 (5th Cir. 2009) ("In evaluating [a Rule 50(a) motion for judgment as a matter of law], the court must consider all of the evidence in the light most favorable to the nonmovant, drawing all factual inferences in favor of the non-moving party, and leaving credibility determinations, the weighing of evidence, and the drawing of legitimate inferences from the facts to the jury.").

No. 12-60177

"Under Mississippi law, the plea of statute of limitations is an affirmative defense for which the party asserting it has the burden of proof." *Huss v. Gayden*, 991 So. 2d 162, 165 (Miss. 2008). In responding to a question certified by this court, the Mississippi Supreme Court recently explained that with respect to the question of when a plaintiff's cause of action accrues for limitations purposes, "Mississippi substantive jurisprudence requires questions of disputed fact to be decided by juries." *Id.* at 168; *see id.* at 165 (stating that "[t]he success *vel non* of the disputed affirmative defense requires a jury determination"); *see also, e.g.*, *Fulkerson v. Odom*, 53 So. 3d 849, 852 (Miss. App. 2011) ("considering the evidence in the light most favorable to [the plaintiff]" in "find[ing] [when] his claim accrued" for "limitations purposes" at summary judgment).[4] Therefore, as with his arguments regarding the sufficiency of the evidence supporting the elements of Kaczkowki's fraud claim itself, Dovan forfeited his argument regarding his entitlement to judgment as a matter of law on the limitations issue by failing to renew it post-verdict.

Having thus determined that Dovan forfeited his evidentiary arguments, we turn briefly to his contention that the district court abused its discretion in declining to adopt special interrogatories proffered by Dovan that would have required the jury to specify which facts Dovan misrepresented and when each of those facts was misrepresented.

"This court reviews jury instructions for abuse of discretion." *Garriott v. NCsoft Corp.*, 661 F.3d 243, 247 (5th Cir. 2011). "If a party wishes to complain on appeal of the district court's refusal to give a proffered instruction, that party must show as a threshold matter that the proposed instruction correctly stated

---

[4] Having received the Mississippi Supreme Court's answer to the question in *Huss*, this court adopted "[t]he [Mississippi] Supreme Court's [conclusion] that the [plaintiffs'] claims [were] not prescribed as a matter of law" as "resolv[ing] the limitations issue." *Huss v. Gayden*, 571 F.3d 442, 451 (5th Cir. 2009)

the law.  If a party makes this threshold showing, he must then demonstrate that the actual charge as a whole creates substantial and ineradicable doubt whether the jury has been properly guided in its deliberations.  But if the charge correctly states the substance of the law, we will not reverse." *Julian v. City of Houston, Tex.*, 314 F.3d 721, 727 (5th Cir. 2002) (internal quotation marks and footnotes omitted).  Here, we determine that the district court's instruction on Kaczkowski's fraud claim correctly stated the law and therefore affirm.

The district court's charge to the jury regarding the fraud claim was as follows:

> Plaintiff has asserted a claim for fraud in this case.  In order to recover on his claim of fraud, plaintiff must prove by clear and convincing evidence in this case that, one, Defendant Emil Dovan made a representation to plaintiff about a past or present fact; two, that the representation was false; three, that the representation was material; four, that Emil Dovan did know that the representation was false or was ignorant of its truth; five, that Emil Dovan did intend that the representation should be acted upon by Michael Kaczkowski; six, that Michael Kaczkowski did not know that the representation was false; seven, that Michael Kaczkowski did rely on the representation's truth; eight, that Michael Kaczkowski did have a right to rely on the representation, and; nine, that Michael Kaczkowski suffered damages as a result of his reliance on the representation, then your verdict shall be for the plaintiff. However, if you believe that the plaintiff has failed to show any one of the above elements by a clear and convincing evidence in this case, then your verdict shall be for the defendant.

As the district court explained to Dovan's counsel at the conference on jury instructions, this charge was drawn verbatim from the Mississippi Model Jury Instructions on the elements of a fraud claim, which in turn were based on recent Mississippi Supreme Court jurisprudence.  The charge given to the jury mirrored the model instructions and correctly set forth the substantive Mississippi law.  *See* Miss. Prac. Model Jury Instr. Civil § 21:5 (2d ed.) (citing *State v. Bayer Corp.*, 32 So. 3d 496, 501 (Miss. 2010); *Bayer Corp.*, 32 So. 3d at

No. 12-60177

501 ("[T]he elements of fraud . . . are: (1) a representation; (2) its falsity; (3) its materiality; (4) the speaker's knowledge of its falsity or ignorance of its truth; (5) the speaker's intent that the representation should be acted upon by the hearer and in the manner reasonably contemplated; (6) the hearer's ignorance of its falsity; (7) the hearer's reliance on the representation's truth; (8) the hearer's right to rely thereon; and (9) the hearer's consequent and proximate injury." (quoting *Allen Tools v. Mac Tools, Inc.*, 671 So. 2d 636, 642 (Miss. 1996)).

Accordingly, "the charge correctly state[d] the substance of the law, [such that] we will not reverse." *See Garriott*, 661 F.3d at 247.

## CONCLUSION

For the foregoing reasons, we AFFIRM the judgment of the district court in all respects.