# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2014-CA-00730-COA

**SHANE ANDERSON**                                                    **APPELLANT**

**v.**

**JAMES B. LADNER**                                                    **APPELLEE**

DATE OF JUDGMENT:            04/22/2014
TRIAL JUDGE:                 HON. ROGER T. CLARK
COURT FROM WHICH APPEALED:   HANCOCK COUNTY CIRCUIT COURT
ATTORNEYS FOR APPELLANT:     EDWARD GIBSON
                             VEDRAN DEDIC
ATTORNEYS FOR APPELLEE:      JENNY TYLER BAKER
                             SEAN J. TINDELL
NATURE OF THE CASE:          CIVIL - DOMESTIC RELATIONS
TRIAL COURT DISPOSITION:     GRANTED SUMMARY JUDGMENT TO
                             APPELLEE, FINDING THAT CLAIMS FOR
                             ALIENATION OF AFFECTION AND
                             INTENTIONAL INFLICTION OF
                             EMOTIONAL DISTRESS WERE TIME-
                             BARRED
DISPOSITION:                 AFFIRMED IN PART; REVERSED AND
                             REMANDED IN PART - 01/12/2016
MOTION FOR REHEARING FILED:
MANDATE ISSUED:

**BEFORE GRIFFIS, P.J., CARLTON  AND WILSON, JJ.**

**CARLTON, J., FOR THE COURT:**

¶1.     Shane Anderson and Angela Ladner filed for a divorce on May 27, 2010.  Three years

later, on July 2, 2013, Shane filed a complaint in the Hancock County Circuit Court alleging

a claim of alienation of affection against Angela's paramour, James Ladner, accusing James

of "alienating the affection between [Shane] and [Angela]."  Shane also alleged claims of

reckless infliction of emotional distress and punitive damages. James filed an answer denying all of the allegations. James also filed a motion to dismiss, arguing that Shane filed the complaint outside of the three-year statute of limitations.

¶2. The trial court ordered that the motion to dismiss be converted to a motion for summary judgment. Shane then submitted an affidavit asserting that he engaged in marital relations with Angela after the filing for divorce. Shane's affidavit asserted that he and Angela cohabited as husband and wife in July 2010. During that time, Shane alleged that he and Angela engaged in sexual relations. Shane also alleged that he provided care for Angela during her recovery from cosmetic surgery. Shane's affidavit set forth that Angela left the marital home on July 15, 2010. Since Angela finally left the home on July 15, 2010, and ceased the marital relations and cohabitation, Shane argues that this date should be considered as the date that Angela's affections were finally abandoned when considering when Shane's cause of action accrued.

¶3. Angela submitted an affidavit in response to Shane's affidavit. Angela's affidavit stated that "in April and May of 2009, [Shane] and I began discussing the possibility of divorce. . . . [M]y affection for [Shane] was ceased in the fall of 2009." However, Angela failed to deny in her affidavit Shane's claims that they cohabited as husband and wife in July 2010, and her affidavit included no denial of Shane's assertions that they also engaged in sexual relations during this time. On appeal, James asserts that Angela's affidavit states that she and James were still cohabiting, but living in separate bedrooms, in February 2010. James also argues that May 27, 2010, the date Shane and Angela filed for divorce, is "the

2

absolute latest date" that Shane could argue his claim accrued.

¶4.     The trial court granted summary judgment in favor of James, finding that the three-year statute of limitations accrued upon the filing of divorce and barred Shane's alienation-of-affection claim.  In its order, the trial court held that "[t]here are no material issues of genuine fact [sic] which will keep this action alive beyond the three years from the filing of the complaint of the divorce."  The trial court also dismissed the reckless-infliction-of-emotional-distress claim, explaining that the language used in the complaint sounded like an intentional-infliction-of-emotional-distress claim, and was therefore barred due to the one-year statute-of-limitations period.  The trial court then dismissed the punitive-damages claim after finding that it flowed from Shane's claims for alienation of affection and reckless infliction of emotional distress.

¶5.     On May 29, 2014, Shane appealed, asserting that since he filed his suit within the statute of limitations, the trial court erred in granting summary judgment.  Upon review, we reverse and remand the chancellor's decision granting summary judgment on the Shane's alienation-of-affections claim, since questions of material fact exist as to when Angela's affections were finally alienated, and hence to when the cause of action accrued.  We, however, affirm the chancellor's dismissal of Shane's reckless-infliction-of-emotional-distress claim.

## FACTS

¶6.     Shane and Angela married on September 4, 1994.  The marriage produced one female child, Shelby, on April 23, 1998.  Angela's children from a previous relationship also lived

3

with the couple.

¶7.     The record reflects that on May 15, 2010, Angela asked Shane for a separation. Shane asserts that Angela suggested that they continue living together, but sleep in separate bedrooms. On May 27, 2010, Angela and Shane jointly filed for divorce based on irreconcilable differences. The record shows that neither Shane nor Angela raised a factual ground for divorce. Shane acknowledges that Angela initially moved out of the marital home after filing for a divorce based on irreconcilable difference, but he claims that Angela moved back into the marital home in July 2010 so that he could care for her as she recovered from cosmetic surgery. Shane further asserts that during this period, specifically from July 3, 2010, to July 15, 2010, he and Angela did reconcile and lived together as man and wife by cohabiting and engaging in sexual relations. Shane asserts that Angela failed to leave the marital home for good until July 15, 2010, over a month after they filed for divorce. Shane claims that despite the application for divorce, he believed he and Angela could salvage their marriage during the period before the divorce would become final. On appeal, James makes no allegation in his appellate brief regarding the date when Angela moved out of the marital home. However, at oral argument, James acknowledged that although Shane and Angela filed for divorce in May 2010, Angela remained in the marital home until July 2010.

¶8.     The record reflects that Angela moved out of the family home on or about July 15, 2010. Shane and Angela finalized their divorce on August 11, 2010, after the statutory sixty-day waiting period expired. *See* Miss. Code Ann. § 93-5-2(4) (Rev. 2013) ("Complaints for divorce on the ground of irreconcilable differences must have been on file for sixty (60) days

4

before being heard."). Two months later, in October 2010, Shane asserts that he learned of an extramarital affair between Angela and James through his stepdaughter. Angela married her paramour, James, on December 26, 2012. Shane filed a claim for alienation of affections against James on July 2, 2013.

¶9. The issue on appeal addresses whether the trial court erred in granting summary judgment in favor of James after finding that Shane's claim accrued upon the May 27, 2010 filing for divorce and was thus barred by the statute of limitations. As acknowledged. James filed his motion to dismiss on September 23, 2013, asserting that Shane filed his complaint outside of the three-year statute of limitations. On October 31, 2013, the trial court heard arguments on the motion. The record reflects that Shane provided an affidavit stating that "for a long period of time, [James] engaged in certain solicitous conduct and activities of a personal and overtly intimate manner with [Angela]." In his affidavit, Shane admits that Angela first asked him for a divorce in February 2010, and Shane admits that she later asked him to separate on May 15, 2010. As discussed, Shane submitted an affidavit claiming that Angela moved back into the marital home in July 2010, after filing for divorce, so that Shane could care for her as she recovered from cosmetic surgery. Shane alleges that during the time period of July 3 through July 15 of 2010, he and Angela cohabited as husband and wife, and they engaged in sexual relations. Shane claims that Angela failed to abandon the marriage relationship, and that her affections were not finally abandoned, until she finally moved out of the marital home after July 15, 2010.

¶10. In support of the motion to dismiss filed by James, Angela filed an affidavit stating

that her affection for Shane ceased in the fall of 2009, and that she and Shane were living in separate bedrooms in early 2010. As discussed, Angela's affidavit failed to address the factual assertions raised by Shane in his affidavit claiming the couple reunited and cohabited as husband and wife in July 2010. On December 18, 2013, the trial court converted the motion to dismiss to a motion for summary judgment.

¶11. On April 30, 2014, the trial court granted James's motion for summary judgment. In its order, the trial court explained that "[a] claim for alienation of affection must be filed within three years of when the cause of action accrues and a claim for emotional distress must be filed within one year of when the cause of action accrues." The trial court found that based on the facts, the "marital relationship was abandoned by May 27, 2010, when the parties signed, under oath, and filed their Joint Complaint for Divorce. This date is the latest on which the action could have accrued." The trial court recognized that "[i]t is logical to assume that there was loss of affection at some point prior to the actual filing of the complaint for divorce. As a result, the statute of limitations barred any action filed after May 27, 2013." The trial court cited *Fulkerson v. Odom*, 53 So. 3d 849, 852 (¶11) (Miss. Ct. App. 2011), and explained that "[o]ne party's lack of knowledge about an ongoing affair cannot delay the accrual of an action for alienation of affections until the affair is discovered." The trial court further stated that "[w]hen the affair was discovered is irrelevant. The important date for statute of limitation purposes, is when the loss of affection was felt or manifested. It seems clear that the date of filing for divorce is as firm a date as can be determined." The record reflects that since Shane filed his claim for alienation of affection on July 2, 2013,

6

more than three years after the couple jointly filed for divorce, the trial court concluded that the claim was time-barred and must be dismissed.

¶12. The trial court further found that Shane's claim for negligent infliction of emotional distress was actually a claim for intentional infliction of emotional distress, despite its label. As a result, the trial court found that the claim was barred by the one-year statute of limitations established by Mississippi Code Annotated section 15-1-35 (Rev. 2012).

¶13. Shane now appeals.

## STANDARD OF REVIEW

¶14. The Mississippi Supreme Court has set forth our standard of review regarding motions for summary judgment as follows:

> [The appellate court] reviews the trial court's grant or denial of a motion for summary judgment de novo. Summary judgment should be granted if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. The evidence is viewed in the light most favorable to the party against whom the motion has been made.

*Brent v. Mathis*, 154 So. 3d 842, 844 (¶4) (Miss. 2014) (internal citations and quotation marks omitted). *See also* M.R.C.P. 56(c).

## ARGUMENT

¶15. Shane argues that the trial court erred in granting summary judgment in favor of James. Shane asserts that his cause of action for alienation of affection accrued on July 15, 2010, the date that Angela finally moved out of the marital home for good; therefore, he filed his complaint within the three-year statute of limitations.

7

¶16.    The Mississippi Supreme Court has stated that the elements of the tort of alienation of affection are: "(1) wrongful conduct of the defendant; (2) loss of affection or consortium; and (3) causal connection between such conduct and loss." *Fitch v. Valentine*, 959 So. 2d 1012, 1025 (¶36) (Miss. 2007). In *Fulkerson*, 53 So. 3d at 851 (¶9), this Court recognized that "we apply the general three-year statute of limitations [to claims for alienation of affection] found in Mississippi Code Annotated section 15-1-49 [(Rev. 2012).]"

¶17.    Shane argues that he raised a sufficient question of fact to support his cause of action and also to support his claim that his cause of action accrued on July 15, 2010. The record reflects that after James filed his motion for summary judgment, Shane provided the trial court with an affidavit stating that he and Angela engaged in sexual relations during the period of time between July 3, 2010, and July 15, 2010, months after the May 27, 2010 divorce filing. Shane also alleged in the affidavit that he and Angela shared the marital home through July 15, 2010, and that they engaged in other marital duties, including Shane providing care for Angela as she recovered from cosmetic surgery. In support of his argument on appeal, Shane claims he believed that he and Angela could reconcile during the sixty-day statutory waiting period for an irreconcilable-differences divorce. Shane further argues that a genuine issue of material fact exists regarding whether Angela's affections were alienated by James when Angela moved out of the marital home in July 2010 after reuniting from July 3 through July 15, 2010.

¶18.    James, however, asserts that the trial court properly granted summary judgment in his favor, and he alleges Shane's claims are barred by the statute of limitations. James submits

8

that since Shane and Angela filed for divorce on May 27, 2010, and Shane filed his claim for alienation of affection on July 2, 2013, then Shane filed his claim more than three years after the cause of action accrued. As acknowledged, the record shows that Shane and Angela filed for an irreconcilable-differences divorce on May 27, 2010, alleging their marriage to be irreparably damaged. The record reflects that the complaint for divorce filed by Shane fails to state that the affections of either him or Angela had been abandoned or finally alienated. We acknowledge that section 93-5-2(4) provides for a required sixty-day waiting period prior to the grant of an irreconcilable-differences divorce. We also acknowledge that jurisprudence establishes that "a claim of alienation of affection accrues when the alienation or loss of affection is finally accomplished." *Fulkerson*, 53 So. 3d at 852 (¶11) (citing *Hancock v. Watson*, 962 So. 2d 627, 631-32 (¶¶14-19) (Miss. Ct. App. 2007)). Thus, the pertinent question is whether the record raised a question of material fact as to when Angela's affections were finally alienated. Stated otherwise, the issue before us is whether, based the facts before us at the time of the motion for summary judgment, the trial court erred in finding that Shane's claim for alienation of affection, which he filed on July 2, 2013, was barred by the three-year statute of limitations, based on Shane and Angela filing for divorce on May 27, 2010.

¶19. Our review of the record shows that the trial court determined that the date of the divorce filing constituted the date establishing when Angela's affections were finally alienated and when the cause of action therefore accrued. In its order granting summary judgment in favor of James, the trial court provided the following in its holding: that the

9

"marital relationship was abandoned by May 27, 2010, when the parties signed, under oath, and filed their Joint Complaint for Divorce. This date is the latest on which the action could have accrued." The trial court recognized, however, that "[i]t is logical to assume that there was loss of affection at some point prior to the actual filing of the complaint for divorce."

¶20. However, the trial court failed to consider the statutory sixty-day waiting period required before an irreconcilable-differences divorce becomes final as well as the public policy underlying the waiting period, which seeks to foster reconciliation. *See* Miss. Code Ann. § 93-5-2(4) ("Complaints for divorce on the ground of irreconcilable differences must have been on file for sixty (60) days before being heard."). The trial court acknowledged the factual dispute raised by the assertions in Shane's affidavit, where Shane claimed that he and Angela engaged in martial relations in July 2010, and that despite filing for divorce in May 2010, her affections were not finally alienated until she moved out of the marital home on July 15, 2010.

¶21. We must be mindful that in reviewing a motion for summary judgment, the evidence must be viewed in the light most favorable to the nonmoving party. *See Brent*, 154 So. 3d at 844 (¶4). When reviewing the evidence in the light most favorable to Shane, the nonmovant, we find that the record reflects a dispute of material fact as to when Angela finally abandoned the martial relationship and when her affections were finally severed based upon the facts presented in this case. We must now turn to review statutory law and caselaw as to when a cause of action for alienation of affection accrues.

¶22. The case of *Fulkerson*, 53 So. 3d at 852 (¶14), provides guidance on this issue. In

*Fulkerson*, William Fulkerson discovered in 2006 that his wife had previously engaged in an extramarital affair. *Id*. at 850 (¶¶3-4). The wife and her former paramour both testified that the affair ended in 2003. *Id*. The trial court found that the claim was time-barred because Fulkerson failed to prove that the cause of action accrued within three years of filing his complaint. *Id*. at 851 (¶6). On appeal, this Court affirmed the trial court's judgment, stating that "[b]ecause Fulkerson's discovery of the affair is irrelevant to the question of when his claim accrued, the 'discovery rule' cannot be used in these circumstances to delay the accrual [of] Fulkerson's claim until 2006, when Fulkerson learned of the past affair." *Id*. at 852 (¶14). The *Fulkerson* court explained that "Mississippi Code Annotated section 15-1-49(2) codifies the discovery rule, which delays accrual of actions 'which involve latent injury or disease until the plaintiff has discovered, or by reasonable diligence should have discovered[,] the injury.'" *Fulkerson,* 53 So. 3d at 852 (¶14). The *Fulkerson* court stated: "Although a clandestine affair is a secretive wrongdoing, it is not unrealistic to expect a plaintiff to perceive, at the time of the affair, the resulting harm—the  loss of consortium through alienation of the spouse's affection." *Id*. at 852-53 (¶15).[1] This Court further explained that "[b]ecause the injury is the detrimental change in the marriage relationship, it is reasonable for a spouse to discover the change in the marriage as it occurs." *Id*. at 853 (¶15). Additionally, the court held that "[t]he affections of the spouse wronged by the affair are irrelevant to a determination of when the cause of action accrued. . . . Instead, our inquiry focuses on discerning when the loss of . . . affections [of the spouse involved in the

---

[1] *See generally Bristow v. Baskerville*, No. 5:09-cv-66-DCB-JMR, 2011 WL 1380013 (S.D. Miss. Apr. 12, 2011).

extramarital affair] was finally accomplished." *Id*. at 852 (¶¶11-12). In the case before us, Shane presented specific evidence in his affidavit showing that Angela maintained affections for Shane in July 2010, and that her affections ceased on July 15, 2010, when she finally moved out of the marital home.

¶23.    In *Carr v. Carr*, 784 So. 2d 227, 230 (¶8) (Miss. Ct. App. 2000), this Court found that a claim for alienation of affections accrued on the date when the husband, in "open pursuit of a relationship" with his paramour, "moved out of the marital home and abandoned the marital relationship." As stated in *Fulkerson*, the cause of action accrues when the spouse engaged in the extramarital affair was alienated.[2] *Fulkerson,* 53 So. 3d at 852 (¶11).

¶24.    In support of his argument that Angela's affections were not alienated until July 15, 2010, at the earliest, and on August 11, 2010, the date the divorced was finalized, at the latest,  Shane cites to section 93-5-2(4), which provides: "Complaints for divorce on the ground of irreconcilable differences must have been on file for sixty (60) days before being heard." Shane submits that this statute implies that a filing of the initial divorce complaint does not finalize the divorce, as there is a sixty-day waiting period until a final adjudication and decree is entered. Shane asserts that Angela's affection for him continued to exist even after filing for divorce, as evidenced by their cohabitation, by Shane caring for Angela as she recovered from cosmetic surgery, and by their engaging in sexual relations in July 2010, just over a month after filing for divorce.

¶25.    In *Barton v. Barton*, 790 So. 2d 169, 173-74 (¶15) (Miss. 2001), the court recognized

---

[2] *See also Hancock*, 962 So. 2d at 631-32 (¶¶14-19) (alienation-of-affection claim accrues when loss of affection is finally accomplished).

the precedent of *Gardner v. Gardner*, 234 Miss. 72, 105 So. 2d 453, 455 (1958), holding that "reconciliation of husband and wife and resumption of marital relations for any period of time will render a previous contract and settlement of property rights void and that in the absence of divorce[,] a separation contract between husband and wife is abrogation of the marital relation."[3]  In her dissent, Justice Cobb acknowledged that "[t]he sixty-day waiting period is meant to be a time for the parties to reconcile if that is possible." *Barton*, 790 So. 2d. at 178 (¶39) (Cobb, J., dissenting).  Justice Cobb also stated that "the clear  purpose of the waiting period" is to promote the ease of, and provide an incentive for, reconciliation. *Id*. at 178-79 (¶39).

¶26.    Shane also argues that the trial court erred in dismissing his claim for negligent infliction of emotional distress due to the trial court's finding that Shane filed the claim outside of the statute of limitations.  Shane's complaint, however, alleged an *intentional-* infliction-of-emotional-distress claim; not a negligent-infliction-of-emotional-distress claim. *See Breeden v. Buchanan*, 164 So. 3d 1057, 1061-62 (¶¶19-20) (Miss. Ct. App. 2015) (discussing the statute of limitations for negligent and intentional torts).[4]

¶27.    Shane's complaint states the following: "[James]'s acts were reckless and without

---

[3] *See also* Miss. Code Ann. § 93-5-2(4) (statutory waiting period for irreconcilable-differences divorce); *Carlisle v. Allen*, 40 So. 3d 1252, 1258 (¶27) (Miss. 2010) (Legislature enacted "legislation which allows chancellors to revoke divorces upon fulfillment of all the statutory requirements").

[4] Mississippi Code Annotated section 15-1-49  provides that claims for negligent infliction of emotional distress are governed by a three-year statute of limitations, while Mississippi Code Annotated section 15-1-35 provides that claims for intentional infliction of emotional distress are governed by a one-year statute of limitations.

justification, . . . the acts of [James] evoke outrage and disgust in civilized society[,] and . . . the pattern of conduct perpetrated by [James] caused foreseeable harm to [Shane]." Shane acknowledges that both negligent infliction of emotional distress and intentional infliction of emotional distress have similar elements. Intentional infliction of emotional distress, however, is an intentional tort with a one-year statute of limitations. In his brief on appeal, Shane argues that he pled negligent infliction of emotional distress. During oral argument, however, Shane conceded this issue, admitting that his complaint alleged an intentional infliction of emotional distress pursuant to controlling Mississippi law. *See Carter v. Reddix*, 115 So. 3d 851, 858-59 (¶¶17-18) (Miss. Ct. App. 2012).

¶28.     In conclusion, we find that a genuine issue of material fact exists as to when Angela's affections were finally alienated; therefore, we must reverse and remand the trial court's grant of summary judgment on Shane's claim for alienation of affection. However, we affirm the trial court's dismissal of Shane's claim for negligent infliction of emotional distress.

¶29.     **THE JUDGMENT OF THE HANCOCK COUNTY CIRCUIT COURT IS AFFIRMED IN PART AND REVERSED AND REMANDED IN PART FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED EQUALLY BETWEEN THE APPELLANT AND THE APPELLEE.**

        **LEE, C.J., IRVING AND GRIFFIS, P.JJ., BARNES, ISHEE, FAIR, JAMES AND WILSON, JJ., CONCUR.**